IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCHARD YARD AND THREAD COMPANY INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 24-805 (GBW) ) |
| LAST BRAND, INC., | ) ) |
| Defendant. | ) |

**OPENING BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f)**

OF COUNSEL:

Zachary M. Briers
Adam W. Kwon
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

September 19, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
began@morrisnichols.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................1

II. SUMMARY OF ARGUMENT .......................................................................................2

III. STATEMENT OF FACTS ..............................................................................................3

IV. LEGAL STANDARD......................................................................................................4

V. ARGUMENT ...................................................................................................................4

    A. Plaintiff Fails to State a Claim for Federal Trademark Dilution (Count III) Because It Does Not Allege Fame Among the General American Public. .............4

    B. Plaintiff Fails to State a Claim Under Delaware's Anti-Dilution Statute (Count VI) for the Same Reason.................................................................................6

    C. Plaintiff's Claim for Common Law Unfair Competition (Count IV) Is Redundant of Plaintiff's DTPA Claim (Count V), and Should Be Dismissed or Stricken. ........................................................................................8

VI. CONCLUSION..............................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Accenture Global Servs. GMBH v. Guidewire Software Inc.*,
  581 F. Supp. 2d 654 (D. Del. 2008)..................................................................2–3, 8, 9–10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................4

*Benson v. Amguard Ins. Co.*,
  2017 WL 2672078 (D. Del. June 21, 2017)..........................................................4, 10

*Bos. Granite Exch., Inc. v. Greater Bos. Granite, LLC*,
  2012 WL 3776449 (D. Mass. Aug. 29, 2012) .......................................................6

*Coach Servs., Inc. v. Triumph Learning LLC*,
  668 F.3d 1356 (Fed. Cir. 2012)..........................................................................4–5

*Componentone, L.L.C. v. Componentart, Inc.*,
  2007 WL 4302108 (W.D. Pa. Dec. 6, 2007)........................................................5–8

*CrewFacilities.com, LLC v. HotelEngine, Inc.*,
  2021 WL 2649758 (D. Del. June 28, 2021)..........................................................3, 9, 10

*Dille Family Trust v. Nowlan Family Trust*,
  276 F. Supp. 3d 412 (E.D. Pa. 2017) ...................................................................5, 6

*EDIX Media Grp., Inc. v. Mahani*,
  2006 WL 3742595 (Del. Ch. Dec. 12, 2006).......................................................3, 9

*EIS, Inc. v. WOW Tech Int'l GmbH*,
  2020 WL 7027528 (D. Del. Nov. 30, 2020) ........................................................9, 10

*Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*,
  2013 WL 3943267 (S.D.N.Y. July 31, 2013) .......................................................6

*Holding Co. of the Vills., Inc. v. Little John's Movers & Storage, Inc.*,
  2017 WL 6319549 (M.D. Fla. Dec. 11, 2017).....................................................6

*HomeVestors of Am., Inc. v. Warner Bros. Discovery, Inc.*,
  2023 WL 6880341 (D. Del. Oct. 18, 2023) .........................................................2, 6, 8

*Inline Connection Corp. v. EarthLink, Inc.*,
  684 F. Supp. 2d 496 (D. Del. 2010).....................................................................10

*Joshi v. Joshi*,
  2019 WL 3554388 (N.D. Ill. Aug. 1, 2019) ..................................................................6

*Kason Indus., Inc. v. Allpoints Foodservice Parts & Supplies, LLC*,
  2018 WL 1980370 (N.D. Ga. Mar. 6, 2018)..................................................................6

*Lingo v. Lingo*,
  785 F. Supp. 2d 443 (D. Del. 2011)..................................................................2, 4, 5, 6

*Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*,
  841 F. Supp. 2d 753 (S.D.N.Y. 2012)..........................................................................6

*Mike Vaughn Custom Sports, Inc. v. Piku*,
  15 F. Supp. 3d 735 (E.D. Mich. 2014).........................................................................6

*Military Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*,
  251 F. Supp. 3d 750 (D. Del. 2017)..............................................................................8

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997)..........................................................................................4

*Nami v. Fauver*,
  82 F.3d 63 (3d Cir. 1996) .............................................................................................4

*Pansini v. Trane Co.*,
  2019 WL 2409740 (E.D. Pa. June 7, 2019)...........................................................9, 10

*S&P Global Inc. v. S&P Data LLC*,
  619 F. Supp. 3d 445 (D. Del. 2022)..............................................................................4

*Savin Corp. v. Savin Grp.*,
  391 F.3d 439 (2d Cir. 2004)..........................................................................................5

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
  113 F.3d 405 (3d Cir. 1997)..........................................................................................4

*Shippitsa Ltd. v. Slack*,
  2019 WL 3304890 (N.D. Tex. July 23, 2019) .............................................................6

*Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*,
  2022 WL 605724 (D. Del. Jan. 25, 2022)...........................................................2, 6, 7–8

*Total Care Physicians, PA. v. O'Hara*,
  798 A.2d 1043 (Del. Super. 2001)................................................................................8

*TrueNorth Cos., L.C. v. TruNorth Warranty Plans of N.A., LLC*,
  292 F. Supp. 3d 864 (N.D. Iowa 2018)........................................................................6

**STATUTES**

Delaware Anti-Dilution Statute
   6 Del. C. § 3313 ............................................................................................................1, 2, 7

Delaware Deceptive Trade Practices Act,
   6 Del. C. §§ 2531, et seq. ...........................................................................................2–3, 8–10

Trademark Dilution Revision Act, Pub. L. No. 109-312,
   120 Stat. 1730 (2006), *codified at* 15 U.S.C. § 1125(c) .......................................2, 4, 5, 6, 9

**FEDERAL RULES**

Fed. R. Civ. Proc. 12(b)(6) .................................................................................................. passim

Fed. R. Civ. Proc. 12(f) ......................................................................................................... passim

**OTHER AUTHORITIES**

J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition
   § 24:104 (5th ed. 2024) ..........................................................................................................5

I.      NATURE AND STAGE OF THE PROCEEDINGS

Defendant Last Brand, Inc. d/b/a Quince ("Quince") operates an online retail business at Quince.com, where it sells high-quality, affordable "essentials" under the trademark "QUINCE". Quince primarily sells apparel, accessories, and housewares with simple designs and minimal branding. Since its launch in 2020, Quince has become one of the most heralded e-commerce retailers and has received praise from media outlets such as Business Insider, Forbes Magazine, the New York Times, Wall Street Journal, Vogue, and Good Morning America.

Quince has two applications pending before the United States Patent and Trademark Office for registration of the trademark "QUINCE" in connection with housewares and online retail services selling housewares (e.g., bedsheets, blankets, duvets, table runners, etc.). Compl. ¶¶ 20–21 (D.I. 1). The Trademark Examiner conditionally approved Quince's applications, and they were published for opposition in the *Trademark Official Gazette. See id.* ¶ 22. On March 13, 2024, Plaintiff Orchard Yarn & Thread Co., Inc. ("Orchard") filed a Notice of Opposition before the Trademark Trial and Appeal Board ("TTAB"). Orchard alleged that Quince's use of the name QUINCE creates a likelihood of confusion with one of Orchard's subsidiaries, which is called "Quince & Co., Inc.," and which sells yarn under the mark "QUINCE&CO." (the "Asserted Mark"). *Id.* ¶ 24.

On July 10, 2024, Orchard filed this lawsuit, alleging six causes of action[1] based on the same general theories, as well as additional theories of trademark dilution and state-law unfair competition. As a result, the Opposition action before the TTAB was stayed. Quince now moves to dismiss Counts III, IV, and VI of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

---

[1] The Complaint alleges: (I) infringement of a registered trademark under 15 U.S.C. § 1114(1); (II) infringement of an unregistered trademark under 15 U.S.C. § 1125(a); (III) trademark dilution under 15 U.S.C. § 1125(c); (IV) unfair competition under Delaware common law; (V) deceptive trade practice under 6 Del. C. §§ 2531, et seq.; and (VI) trademark dilution under 6 Del. C. § 3313.

## II.   SUMMARY OF ARGUMENT

Counts III, IV, and VI of the Complaint should be dismissed.

***First***, Count III (federal trademark dilution) should be dismissed pursuant to Rule 12(b)(6) because Plaintiff does not plausibly allege that the Asserted Mark is "famous," which is an essential element of trademark dilution. A mark achieves the requisite fame only "if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Plaintiff alleges merely that its mark is "well known among the relevant consuming public for high quality yarns." Compl. ¶ 17. Even taking that allegation as true, notoriety within a niche market, such as "high quality yarns," is insufficient. Plaintiff must prove (and therefore plausibly allege) widespread recognition among the general public nationwide. *See Lingo v. Lingo*, 785 F. Supp. 2d 443, 455–56 (D. Del. 2011) ("Of particular import is that [the mark] falls short of **national** fame as contemplated by the Trademark Dilution Revision Act ('TDRA')."). The Complaint thus fails to state a claim for federal trademark dilution.

***Second***, Count VI (trademark dilution under Delaware law) should be dismissed for the same reason, as the same standard applies. *See Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*, 2022 WL 605724, at *13–17 (D. Del. Jan. 25, 2022) (examining Delaware's anti-dilution statute and noting that other jurisdictions with identically worded statutes have also "applied a heightened standard for distinctiveness to those states' anti-dilution statutes" since Congress enacted the TDRA); *HomeVestors of Am., Inc. v. Warner Bros. Discovery, Inc.*, 2023 WL 6880341, at *6 (D. Del. Oct. 18, 2023) ("[Plaintiff] admits that case law regarding 6 Del. C. § 3313 is 'sparse,' and suggests that I may analyze the state dilution claims together with the federal dilution claim.").

***Third***, Plaintiff fails to state a claim for common law unfair competition (Count IV) that is distinct from its DTPA claim (Count V). *See* Compl. ¶¶ 57–63. Both claims are premised on the same exact theory of alleged trademark infringement, and, in fact, "[t]he DTPA codifies the

2

common law of unfair competition." *Accenture Global Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 665 n.17 (D. Del. 2008). Plaintiff's cursory allegations of "common law unfair competition" (Count IV) should be dismissed or otherwise stricken, as Count IV is completely duplicative of Count V. *See CrewFacilities.com, LLC v. HotelEngine, Inc.*, 2021 WL 2649758, at *4 (D. Del. June 28, 2021) (dismissing "impermissibly duplicative" unfair competition claim); *EDIX Media Grp., Inc. v. Mahani*, 2006 WL 3742595, at *11 (Del. Ch. Dec. 12, 2006) (finding unfair competition claim "completely redundant in light of plaintiff's other claims").

### III. STATEMENT OF FACTS[2]

Plaintiff makes yarn primarily under the name "Lion Brand Yarn Company." In June 2023, Plaintiff acquired a smaller yarn company, which owned U.S. Trademark Registration No. 6,734,957 (the "'957 Registration") for the mark "QUINCE&CO." when used in connection with the sale of yarn and knitting patterns. *See* Compl. ¶¶ 10, 12, Ex. 1 (D.I. 1-1). As a result of the acquisition, Plaintiff alleges it became the legal owner of the '957 Registration.

Plaintiff contends that its recently acquired trademark registration is "well known among the relevant consuming public ***for high quality yarns***." Compl. ¶ 17 (emphasis added). Based on this allegation of recognition within the niche "high quality yarns" community, Plaintiff concludes that its mark is "famous and distinctive." *Id.* ¶ 54; *see also id.* ¶¶ 39, 56.

Defendant operates an online retail business at Quince.com, where it sells high-quality, affordable apparel, accessories, and housewares under the name Quince. Quince does not sell yarn or knitting patterns, nor does Plaintiff allege that it does. Nevertheless, Plaintiff alleges that Quince's use of its name in connection with "***any*** goods or services" results in dilution of the Asserted Mark (Counts III and VI), "common law unfair competition" (Count IV), and a violation of Delaware's Deceptive Trade Practices Act ("DTPA") (Count V). *Id.* ¶¶ 56, 58, 61, 65.

---

[2] For purposes of this Rule 12 motion, Quince treats all alleged facts as true.

## IV. LEGAL STANDARD

A district court must dismiss a cause of action if the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege *facts* sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court need not accept as true "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences, *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

A court also "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" that might "prejudice the adverse party." *Benson v. Amguard Ins. Co.*, 2017 WL 2672078, at *5 (D. Del. June 21, 2017) (quoting Fed. R. Civ. P. 12(f)). In doing so, "[t]he court may act: (1) on its own; or (2) on motion made by a party . . . before responding to the pleading." Fed. R. Civ. P. 12(f).

## V. ARGUMENT

### A. Plaintiff Fails to State a Claim for Federal Trademark Dilution (Count III) Because It Does Not Allege Fame Among the General American Public.

A plaintiff alleging trademark dilution must plead facts to establish, *inter alia*, that the asserted mark is "famous," meaning it is "widely recognized by **the general consuming public of the United States**." *Lingo*, 785 F. Supp. 2d at 455 (emphasis added) (quoting 15 U.S.C. § 1125(c)(2)(A)); *S&P Global Inc. v. S&P Data LLC*, 619 F. Supp. 3d 445, 465 (D. Del. 2022) ("Fame is a threshold requirement for dilution.").

This is an exceptionally high bar. "It is well-established that dilution fame is difficult to prove." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1373 (Fed. Cir. 2012) (citations omitted). "[T]o qualify as 'famous' under the anti-dilution law, the mark must be a

4

'household name'—*a name immediately familiar to very nearly everyone, everywhere in the nation*." J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 24:104 (5th ed. 2024) (emphasis added) (collecting cases). When a plaintiff fails to adequately plead the requisite level of fame, early dismissal at the pleading stage is "well advised" because "this will often obviate the costly litigation of potentially much thornier issues." *See Savin Corp. v. Savin Grp.*, 391 F.3d 439, 450 (2d Cir. 2004).

Because fame requires widespread recognition among the general public nationwide, merely alleging notoriety among consumers within a "niche" market does not suffice to state a claim. To be sure, prior to enactment of the TDRA,[3] courts in this Circuit had "interpreted an earlier version of the federal trademark dilution law" to allow dilution claims premised on niche fame, but that is no longer the law. *Dille Family Trust v. Nowlan Family Trust*, 276 F. Supp. 3d 412, 435 (E.D. Pa. 2017) ("[T]he 2006 addition of the definition of a famous mark by the [TDRA] effectively precludes niche fame from serving as a basis for a federal dilution claim." (citations omitted)). Thus, courts in this Circuit now acknowledge that niche fame is insufficient and "**national** fame" is required. *Lingo*, 785 F. Supp. 2d at 455; *Componentone, L.L.C. v. Componentart, Inc.*, 2007 WL 4302108, at *2–3 (W.D. Pa. Dec. 6, 2007) ("Plaintiff's federal dilution claim fails as a matter of law because it depends entirely on the existence of niche market fame, a concept no longer recognized under federal law.").

Plaintiff's lone factual allegation regarding fame is that its mark is "well known among the relevant consuming public for high quality yarns, patterns for using its yarns . . . and other items that can and are created by knitting and crocheting." Compl. ¶ 17. Plaintiff does not allege fame among the **general public**, nor does it allege that any such fame has been attained on a **national** scale. Even accepting the allegations as true, Plaintiff's alleged niche fame among purchasers of

---

[3] *See* Trademark Dilution Revision Act, Pub. L. No. 109-312, 120 Stat. 1730 (2006), *codified at* 15 U.S.C. § 1125(c).

specialty yarns and knitting patterns is legally insufficient. *See, e.g.*, *Lingo*, 785 F. Supp. 2d at 455–56; *Componentone*, 2007 WL 4302103, at *2; *Dille*, 276 F. Supp. 3d at 435. Indeed, courts routinely dismiss dilution claims at the pleading stage where similar niche fame is alleged.[4] Likewise, the Court should dismiss Count III pursuant to Rule 12(b)(6).

### B. Plaintiff Fails to State a Claim Under Delaware's Anti-Dilution Statute (Count VI) for the Same Reason.

The Court should dismiss Count VI for the same reason: Plaintiff's allegation of fame in the exceptionally small, self-defined market of "high quality yarns" is insufficient to state a claim for dilution. As Judge Bryson explained in *Spark Therapeutics*, a plaintiff asserting Delaware's anti-dilution law must show "an enhanced level of distinctiveness [i.e., fame] in order for a mark to qualify for protection from dilution." *See* 2022 WL 605724, at *15 (collecting cases and discussing the history of the Delaware anti-dilution statute in relation to the evolution of the Lanham Act); *see also HomeVestors*, 2023 WL 6880341, at *6 ("[Plaintiff] admits that case law regarding 6 Del. C. § 3313 is 'sparse,' and suggests that I may analyze the state dilution claims together with the federal dilution claim.").

---

[4] *See, e.g.*, *Bos. Granite Exch., Inc. v. Greater Bos. Granite, LLC*, 2012 WL 3776449, at *5 (D. Mass. Aug. 29, 2012) (granting Rule 12 motion because alleged fame among buyers of stones in the northeastern U.S. was inadequate); *Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*, 841 F. Supp. 2d 753, 759 (S.D.N.Y. 2012) (alleged fame within niche market of baby products was insufficient); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 2013 WL 3943267, at *10 (S.D.N.Y. July 31, 2013) (alleged fame among "the narrow niche" of consumers of luxury jewelry was insufficient); *Shippitsa Ltd. v. Slack*, 2019 WL 3304890, at *11 (N.D. Tex. July 23, 2019) (alleged fame among niche market of dietary supplements was insufficient); *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735 (E.D. Mich. 2014) (alleged fame among niche ice hockey sports market was insufficient); *Joshi v. Joshi*, 2019 WL 3554388, at *5 (N.D. Ill. Aug. 1, 2019) (alleged fame within niche field of pain control medicine was insufficient); *TrueNorth Cos., L.C. v. TruNorth Warranty Plans of N.A., LLC*, 292 F. Supp. 3d 864, 873 (N.D. Iowa 2018) (alleged niche fame in the transportation industry was insufficient); *Holding Co. of the Vills., Inc. v. Little John's Movers & Storage, Inc.*, 2017 WL 6319549, at *5 (M.D. Fla. Dec. 11, 2017) (alleged fame among niche group of out of state people seeking to relocate to Florida was insufficient); *Kason Indus., Inc. v. Allpoints Foodservice Parts & Supplies, LLC*, 2018 WL 1980370, at *2–3 (N.D. Ga. Mar. 6, 2018) (alleged fame among niche market of commercial refrigeration and restaurant equipment hardware was insufficient).

The same heightened standard of widespread, general fame applies to claims brought under Delaware's anti-dilution standard, which does not expressly state what level of distinctiveness must be shown to bring a claim. *See Spark Therapeutics*, 2022 WL 605724, at *12 ("The Delaware statute does not define dilution."). In this regard, the *Componentone* case from another court within the Third Circuit provides a helpful guide. In *Componentone*, the court considered whether a plaintiff could establish a claim for dilution under Pennsylvania law based on mere "niche market fame." 2007 WL 4302108, at *2–3. Specifically, the plaintiff there argued that although the TDRA imposed a requirement for nationwide fame, "there ha[d] been no amendment to the Pennsylvania anti-dilution statute and, therefore, the 'niche market fame' theory remain[ed] viable under Pennsylvania common law." *Id.* at *3. The court rejected the plaintiff's argument, noting that (like in Delaware) the concept of "'niche market fame' did not arise from the specific language of the Pennsylvania statute, but rather was a creature of judicial construction of federal law." *Id.* (cleaned up). The court further recognized: "[T]o the extent that . . . courts recognized the concept of niche market fame, they did so based on interpretation of federal law that is no longer applicable." *Id.* Thus, it held that "niche fame does not support Plaintiff's claim of dilution under Pennsylvania common law," even though the state statute did not contain the same express "fame" provision as the TDRA, and even though courts had previously interpreted that same statute as recognizing niche market fame. *Id.*

The same reasoning applies here. Because the Delaware anti-dilution statute does not expressly recognize claims based on "niche market fame," *see* 6 Del. C. § 3313, it is apparent that the concept of niche fame, to the extent it ever was recognized under Delaware law, also was no more than "a creature of judicial construction of federal law . . . that is no longer applicable," *Componentone*, 2007 WL 4302108, at *3. Consequently, and considering the additional reasons set forth by Judge Bryson in *Spark Therapeutics*, the TDRA's heightened fame requirement also

7

applies to claims for dilution brought under Delaware's anti-dilution law. *See* 2022 WL 605724, at *16 ("[C]ourts in several of the states that have retained the original language of the 1964 Model Bill—Illinois, Massachusetts, Missouri, and New York—have applied a heightened standard for distinctiveness [i.e., fame] to those states' anti-dilution statutes."); *see also generally HomeVestors*, 2023 WL 6880341, at *6.

As noted above, Plaintiff fails to allege the requisite level of fame in two respects. First, by alleging only that its mark is well known among the niche market for "high quality yarns," Plaintiff falls short of alleging fame among the general consuming public. Second, Plaintiff fails to allege any facts to support an inference that the Asserted Mark has achieved the requisite level of fame on a nationwide scale, or even within the state of Delaware. Accordingly, Count VI should also be dismissed pursuant to Rule 12(b)(6), as it is premised entirely on a theory of niche fame, which is legally insufficient.

    **C.**     **Plaintiff's Claim for Common Law Unfair Competition (Count IV) Is Redundant of Plaintiff's DTPA Claim (Count V), and Should Be Dismissed or Stricken.**

In Delaware, "the elements of the tort of unfair competition are that [1] the plaintiff has a reasonable expectation of entering a valid business relationship, [2] with which the defendant wrongfully interferes, and [3] thereby defeats the plaintiff's legitimate expectancy and causes him harm." *Accenture*, 581 F. Supp. 2d at 665–66 (citing *Total Care Physicians, PA. v. O'Hara*, 798 A.2d 1043, 1057 (Del. Super. 2001)). Relevant here, where the alleged unfair competition consists of alleged trademark infringement, a plaintiff can elect to assert its claim under Delaware's DTPA, 6 Del. C. § 2532, which "codifies the common law of unfair competition." *See id.* at 665 n.17; *see also Military Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*, 251 F. Supp. 3d 750, 757–58 (D. Del. 2017) ("Courts reviewing [DTPA] violations apply the same standards as they apply to trademark infringement claims . . . .").

8

To be sure, the DTPA does not preempt all common law unfair competition claims, such as claims premised on "otherwise actionable" theories not covered by the DTPA. *See* 6 Del. C. § 2532(c). However, where a plaintiff asserts an "unfair competition" claim and a DTPA claim that are both premised on ***the same alleged trademark infringement***, the claims become "impermissibly duplicative," and one should be dismissed as a matter of law. *See, e.g.*, *CrewFacilities.com*, 2021 WL 2649758, at *4 (dismissing unfair competition claim that did "not arise from a separate common law duty" as compared to asserted breach of contract claim); *accord EDIX Media*, 2006 WL 3742595, at *11 (finding unfair competition claim "completely redundant in light of plaintiff's other claims"); *EIS, Inc. v. WOW Tech Int'l GmbH*, 2020 WL 7027528, at *7 (D. Del. Nov. 30, 2020) (acknowledging implicitly that dismissal would be appropriate for "completely redundant" claims but finding a distinction between an unfair competition claim premised on patent infringement and a Lanham Act claim premised on trademark infringement); *Pansini v. Trane Co.*, 2019 WL 2409740, at *2 (E.D. Pa. June 7, 2019) (citing numerous cases within the Third Circuit recognizing "the Court's general authority to dismiss duplicative claims").

Here, Counts IV and V are completely redundant, as both claims allege only common law unfair competition premised on alleged trademark infringement.[5] In Count IV, Plaintiff alleges that "the use of Defendant's QUINCE Mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services, constitutes unfair competition." Compl. ¶ 58. There are no other facts alleged in support of Count IV. Meanwhile, in Count V, Plaintiff alleges that "the use of Defendant's QUINCE Mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services, constitute deceptive trade practices." *Id.* ¶ 61. Because "[t]he DTPA codifies the common law of unfair competition," *Accenture*, 581 F. Supp.

---

[5] As a matter of practicality, Quince moves to dismiss Count IV because it contains fewer allegations than Count V. However, the Court may alternatively dismiss Count V for the same reasons discussed herein.

9

2d at 665 n.17, there is in fact no distinction between the two claims asserted by Plaintiff. Thus, the Court should dismiss Count IV under its "general authority to dismiss duplicative claims."[6] *Pansini*, 2019 WL 2409740, at *2; *CrewFacilities.com*, 2021 WL 2649758, at *4.

Furthermore, Plaintiff's assertion of completely duplicative claims serves "no other purpose than to prejudice" Quince by needlessly multiplying the costs of defending this lawsuit. *See generally Benson*, 2017 WL 2672078, at *5 (striking allegations that had "no other purpose than to prejudice" the defendant). Accordingly, Count IV should otherwise be stricken pursuant to Rule 12(f), as it is redundant and immaterial in light of Count V, and because the assertion of two wholly duplicative claims serves no discernable purpose other than to unduly prejudice Quince. *See id.*, at *2 ("Motions to strike serve to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." (internal quotation marks and citation omitted)).

## VI. CONCLUSION

The Court should dismiss Counts III, IV, and VI of the Complaint. Specifically, Counts III and VI should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to allege that its mark has achieved the requisite "fame" to assert a claim for trademark dilution. In addition, Count IV should be dismissed pursuant to Rule 12(b)(6) or otherwise stricken pursuant to Rule 12(f), as it is completely redundant of Count V and unsupported by any distinct factual allegations. Because no

---

[6] To the extent Counts IV and V could be distinct in theory, Plaintiff would have needed to allege a theory of common law unfair competition that is distinct from its DTPA trademark infringement theory. *See, e.g., EIS*, 2020 WL 7027528, at *7. Plaintiff failed to do so. The Complaint alleges no facts whatsoever to plausibly establish any other theory of unfair competition. *See Inline Connection Corp. v. EarthLink, Inc.*, 684 F. Supp. 2d 496, 511 n.46 (D. Del. 2010) ("[A] litigant cannot strategically lie behind the log . . . before raising an issue not found in the pleadings . . . and then raise it when it is too late for his opponent to do anything about it. The manifest prejudice of such tactics would make a shambles of the efficacy of pre-trial orders and a fair trial." (citation omitted)). Thus, even if, *arguendo*, Counts IV and V are not completely redundant, Count IV must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

amendment could remedy these failures while maintaining plausibility and consistency with what already has been pled, dismissal should be with prejudice.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | /s/ *Brian P. Egan* |
|  | _____ |
| OF COUNSEL: | Brian P. Egan (#6227) |
|  | 1201 North Market Street |
| Zachary M. Briers | P.O. Box 1347 |
| Adam W. Kwon | Wilmington, DE  19899-1347 |
| MUNGER, TOLLES & OLSON LLP | (302) 658-9200 |
| 350 South Grand Avenue, 50th Floor | began@morrisnichols.com |
| Los Angeles, CA  90071-3426 |  |
| (213) 683-9100 | *Attorneys for Defendant* |
|  |  |
| September 19, 2024 |  |

11

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 19, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Neal C. Belgam, Esquire<br>Daniel A. Taylor, Esquire<br>SMITH KATZENSTEIN & JENKINS LLP<br>1000 West Street, Suite 1501<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Myron Greenspan, Esquire<br>Robert Golden, Esquire<br>Cathy Shore Sirotin, Esquire<br>NOLTE LACKENBACH SIEGEL<br>111 Brook Street, Suite 101<br>Scarsdale, NY 10583<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)