## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCHARD YARN AND THREAD COMPANY INC., <br><br> Plaintiff, <br><br> v. <br><br> LAST BRAND INC., <br><br> Defendant. | C.A. No. 24-805-GBW <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff Orchard Yarn and Thread Company Inc. *d/b/a* Lion Brand Yarn Company Corporation ("Orchard" or "Plaintiff") as and for its Complaint in this action against Defendant Last Brand, Inc. ("Last Brand" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Orchard Yarn and Thread Company Inc. *d/b/a* Lion Brand Yarn Company Corporation brings this action for trademark infringement, false designation of origin, trademark dilution and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and corresponding state law, to stop Defendant's violations of Orchard's trademark rights in its "QUINCE" marks.

## PARTIES

2. Plaintiff Orchard is a New York corporation with places of business at 34 West 15th Street, New York, New York 10011 and 135 Kero Road Carlstadt, NJ 07072.

3. Defendant Last Brand, Inc. is a Delaware corporation with its principal place of business at 260 Townsend Street, San Francisco, CA 94107, and has appointed Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808 as its registered agent for service of process. Upon information and belief, Defendant Last Brand, Inc. offers knitwear for sale, including alpaca sweaters, cotton sweaters, merino wool sweaters, and cashmere sweaters, through its website at [https://www.quince.com](https://www.quince.com). Upon information and belief, Defendant Last Brand, Inc. directs sales of its knitwear, including alpaca sweaters, cotton sweaters, merino wool sweaters, and cashmere sweaters to Delaware residents through at least this website.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C §§ 1331 and 1338, and pursuant to principles of supplemental jurisdiction.

5. This Court has general and specific personal jurisdiction over Defendant because Defendant is a Delaware corporation and has committed acts

2

within Delaware giving rise to this action and has maintained minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Upon information and belief, Defendant, through its website at https://www.quince.com has committed acts that infringe Plaintiff's QUINCE Marks in Delaware by, among other things, selling knitwear under Defendant's QUINCE Mark.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant is organized under the laws of Delaware and because Defendant has infringed Plaintiff's QUINCE Marks by selling knitwear under Defendant's QUINCE Mark to consumers in Delaware.

## FACTS

**Plaintiff's "QUINCE" Marks**

7. Orchard is a fifth generation, family-owned and operated business and one of the leading distributors of knitting and craft yarn in the United States and other countries. It is a highly-regarded company since 1878.

8. Orchard is one of the world's oldest and best-known suppliers of a wide variety of yarns and fibers; knitting patterns; knitting, crochet and weaving kits; instructions and other educational materials teaching individuals how to knit a wide range of garments and other products including but not limited to sweaters, scarves, blankets, bags, booties, cardigans, cowls, dresses, hats, leg warmers,

bandanas, seat cushions, Afghans, throws, bottle covers, stockings, ornaments, vests, wraps, pullovers, pouches, tank tops, jackets, cushion covers, totes, ponchos, etc.

9. Orchard's yarns are sold online at craft chains, discount chains, independent shops, and retailers both domestically and in international markets. Its extensive and rich history has resulted in boundless experiences to millions in the knitting community and has helped it to be shaped into the company it is today. Orchard offers innovative products and best in class leading edge social engagements in the knitting and crocheting community.

10. Quince & Company, Inc. first used the trademark "QUINCE&CO." on or about January 11, 2010 and has contemporaneously also used the shortened mark QUINCE in connection with the same goods (collectively "Plaintiff's QUINCE Marks").

11. Quince & Company, Inc. filed for registration of QUINCE&CO. on February 4, 2021 and Registration No. 6,734,957 was issued on May 24, 2022 on the Principal Register ("Trademark Registration") for "Downloadable image files containing patterns and instructions for knitting" in IC 9, "Printed patterns and instruction sheets for knitting" in IC 16, and "Yarn; Knitting Yarn; Wool Yarn; Alpaca Yarn; Mohair Yarn; Merino Wool Yarn; Cotton yarn; Hemp yarn; Silk

Yarn; Natural fiber Yarn" in IC 23. A copy of the Trademark Registration is attached hereto as Exhibit 1.

12. In addition to registration of QUINCE&CO. on the Principal Register, Plaintiff has acquired common law trademark rights to the mark QUINCE as well as QUINCE&CO.

13. Plaintiff's QUINCE Marks have been used continuously and openly in commerce.

14. On or about June 15, 2023 Orchard purchased all the assets of Quince & Company, Inc. ("Quince & Company, Inc."), a Maine corporation, with a principal place of business at 102 Main Street, Saco, Maine 04072.

15. In acquiring all the assets of Quince & Company, Inc., Orchard acquired, by Assignment, all right, title and interest in and to Plaintiff's QUINCE Marks, together with all rights, claims and privileges associated therewith including, without limitation, all goodwill associated with Plaintiff's QUINCE Marks, the right to prosecute and maintain registrations for Plaintiff's QUINCE Marks, the right to claim priority in connection with Plaintiff's QUINCE Marks throughout the world, all causes of action for past, present or future infringement of Plaintiff's QUINCE Marks and all rights to sue and collect damages and payments for claims of past, present or future infringement of the Plaintiff's QUINCE Marks. A copy of the Assignment is attached hereto as Exhibit 2.

16.  Since long prior to any use of QUINCE by Last Brand, the use of the registered mark QUINCE&CO. and the common law use of QUINCE have become well-known and associated with high quality yarns used to create a wide variety of items including sweaters, scarves, blanket, bags, booties, cardigans, cowls, dresses, hats, leg warmers, bandanas, seat cushions, Afghans, throws, bottle covers, stockings, ornaments, vests, wraps, pullovers, pouches, tank tops, jackets, cushion covers, totes, ponchos, by its customers.

17.  Through long and continuous usage and widespread promotion and advertising, Plaintiff's QUINCE Marks have become well known among the relevant consuming public for high quality yarns, patterns for using its yarns to create a wide range of items of clothing and other items that can and are created by knitting and crocheting.

**Defendant's "QUINCE" Mark**

18.  Defendant has used and continues to use its tradename Last Brand Inc.

19.  Upon information and belief Last Brand adopted and started using the mark QUINCE ("Defendant's QUINCE Mark") on or about June 30, 2020.

20.  On August 12, 2020 Last Brand filed Trademark Application No. 90110149 to register Defendant's QUINCE Mark for services in IC 35, namely "On-line retail store services featuring men's and women's casual clothing[,]" alleging a date of first use no later than June 30, 2020. On May 17, 2023, the

6

United States Patent and Trademark Office ("USPTO") mailed Last Brand a Notice of Abandonment stating that this application was abandoned for failure to respond timely to an office action. United States Patent and Trademark Office, https://tsdr.uspto.gov/#caseNumber=90110149&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last visited May 21, 2024).

21. On April 28, 2021 Last Brand filed the two currently pending applications for Defendants QUINCE Mark, namely Application No. 90678169 ("'169 Application") for services in IC 35, namely "On-line retail store services featuring housewares, namely, bed sheets, pillow covers, shams, comforters, duvet covers, blankets, throws, quilts, bath linens, dining linens, runners[,]" alleging a date of first use no later than June 30, 2020, United States Patent and Trademark Office, https://tsdr.uspto.gov/#caseNumber=90678169&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch, (last visited May 21, 2024), and Application No. 90678247 ("'247 Application") for goods in IC 24, namely "Housewares, namely bed sheets, pillow covers, shams, comforters, duvet covers, blankets in the nature of bed blankets, throw blankets and children's blankets, quilts, bath linens, dining linens, runners in the nature of fabric table runners[,]" alleging a date of first use no later than June 30, 2020, United States Patent and Trademark Office,

https://tsdr.uspto.gov/#caseNumber=90678247&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last visited May 21, 2024).

22. The '169 Application and the '247 Application were published for opposition on November 14, 2023.

23. During the opposition period Orchard timely filed Requests for Extension of Time to Oppose and the Trademark Trial and Appeal Board ("TTAB") granted 90-day extensions for both the '169 Application and the '247 Application.

24. During the extended opposition period, Orchard filed Opposition No. 290306 on March 13, 2024 against both the '169 Application and the '247 Application and such Opposition is currently suspended in view of this pending action.

**Consumer Confusion**

25. As a result of Last Brand's use of Defendant's QUINCE Mark, Quince & Company, Inc. and later Orchard experienced and/or received numerous instances of actual confusion by customers of Last Brand who were confused and communicated their complaints to Quince & Company, Inc. and/or Orchard about Last Brand's products, their qualities, returns and other miscellaneous issues on the belief that such products were sold by or emanated from Quince & Company, Inc.

and/or Orchard. Such instances of actual confusion continue to this day. Attached as Exhibit 3 are examples of such actual confusion, namely, mis-directed communications from confused purchasers who sought redress from Quince & Company, Inc. for products sold by Last Brand.

**Cease and Desist Letters**

26. Siddhartha Gupta ("Gupta") is an individual who, upon information and belief, is the Chief Executive Officer (CEO), Secretary and Chief Financial Officer (CFO) of Last Brand.

27. Upon information and belief, Gupta is the primary and moving force behind the activities of Last Brand and the tortious and infringing acts of Last Brand within this district of Delaware.

28. On or about January 13, 2022 a cease and desist letter ("2022 Letter") was sent to Last Brand and addressed to Gupta regarding the use of Defendant's QUINCE Mark by Last Brand resulting in trademark infringement as a result of the many instances of actual confusion and, therefore, a very strong indication that such use by Last Brand has and will continue to result in a likelihood of and actual confusion. A copy of the 2022 Letter is attached hereto as Exhibit 4.

29. Following the 2022 Letter, and related negotiations, Last Brand continued, if not expanded, its use and marketing of its products using Defendant's QUINCE Mark.

30. Following Orchard's June 2023 acquisition of Quince & Company, Inc.'s assets, a further "urgent" cease and desist letter (the "2023 Letter") was sent on or about September 15, 2023, by Federal Express and by email, to Last Brand regarding Last Brand's use of Defendant's QUINCE Marks. The letter requested that Last Brand cease infringing Plaintiff's QUINCE Marks, and sought to resume negotiations. A copy of the 2023 Letter is attached hereto as Exhibit 5.

31. Last Brand did not respond to the 2023 Letter or even acknowledge receipt.

32. Last Brand has continued to use, if not increased the use, of Defendant's QUINCE Mark while totally ignoring Orchard's rights in and to Plaintiff's QUINCE Marks in connection with its products and those related products of Last Brand.

33. Upon information and belief, including on the basis of the many instances of actual consumer complaints, requests for refunds and returns, Last Brand sells products that are not as represented, are deceptive as to quality, that allow Last Brand to advertise products as being high quality at prices that are lower than prices charged by competing companies, for similar products as those advertised.

34. Actual confusion continues to exist both before and after the 2022 and 2023 Letters.

35. Given the identity and near identity of the parties' respective marks, the broad scope of goods marketed by Orchard to its customers and Last Brand's expansion of products that are the same, similar or highly related to those of Orchard, there is a strong likelihood of confusion among the relevant class of consumers between the parties and their respective marks as evidenced and confirmed by the numerous instances of actual confusion.

36. Such confusion is particularly exacerbated in online channels in which the parties' marks and goods cause confusion as to source, and confusion as to whether Last Brand is somehow related to, affiliated with, licensed by or sponsored by Orchard.

37. Even if some of Last Brand's customers or potential customers eventually realize that Last Brand is not part of or related to Orchard, the initial interest Last Brand is able to generate in its products from consumers who are drawn to Last Brand's website or other promotional or advertising materials because of Orchard's well-known QUINCE trademark is itself actionable under the federal Lanham Act.

38. Indeed, upon information and belief, Last Brand has deliberately used Defendant's QUINCE Mark in order to trade upon the goodwill and favorable reputation associated with Orchard and its high-quality products in such a way as

to benefit from the strong drawing power of the QUINCE mark and Orchard as the source of its products.

39. Last Brand's website, QUINCE.COM, shows balls of yarn next to its sweaters, demonstrating the close relationship between Last Brand's sweaters and the yarn used to produce those goods. Attached as Exhibit 6 is a screenshot of the home page of Last Brand's website showing these images.

40. Further the balls of yarn juxtaposed next to Last Brand's sweaters evidences Last Brand's intention to associate its goods with yarn, which Orchard sells under the same and/or a highly similar trademark, and/or trade off on Orchard's high quality products and stellar reputation.

41. Last Brand's use of Defendant's QUINCE Mark is likely to cause continued confusion, mistake, or deception as to the source of origin of its products and is likely to cause consumers to draw the false impression that Defendants' business and goods are associated with, authorized, endorsed, or sponsored by, or otherwise affiliated with Orchard and its famous well known Mark.

42. Last Brand has performed all of the aforementioned acts without Orchard's authority or permission.

43. Upon information and belief, unless and until Last Brand is enjoined from any further unauthorized exploitation of Plaintiff's QUINCE Marks, it will continue to use and expand its use of Plaintiff's QUINCE Mark in violation of

Orchard's rights. Although Orchard as well as its assignor, Quince & Company, Inc. have attempted to resolve this matter without the need for litigation, Last Brand has continued and escalated its violations of Orchard's valuable trademark rights.

44. Upon information and belief, by virtue of its unlawful conduct, Last Brand has made substantial profits and gains to which they are not in law or equity entitled.

45. Upon information and belief, Last Brand's actions have been willful and have been undertaken in deliberate disregard of Orchard's superior rights.

46. As a result of Last Brand's unlawful actions, Orchard has been damaged and has suffered, and will continue to suffer, immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT I
**(Infringement of Registered Marks, Lanham Act § 32(1)**

47. Orchard repeats and realleges the previous allegations set forth above with the same force and effect as if set forth fully herein.

48. Orchard is the registrant of the trademark to QUINCE&CO. with U.S. Registration Number 6,734,957.

49. Last Brand's QUINCE Mark is substantially similar to Orchard's QUINCE&CO. mark and is likely to cause confusion.

50. Last Brand's conduct as described above, including the use of Defendant's QUINCE Mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services, is likely to cause confusion, or to cause mistake, or to deceive with respect to Plaintiff's QUINCE Marks.

51. Last Brand's use of Defendant's QUINCE Mark is without Orchard's consent.

52. Therefore, Last Brand's conduct constitutes knowing and intentional infringement of Orchard's federally registered QUINCE trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II
### (False Designation of Origin, Lanham Act, § 43(a))

53. Orchard repeats and realleges the previous allegations set forth above with the same force and effect as if set forth fully herein.

54. Last Brand's conduct as described above, including the use of Defendant's QUINCE Mark in connection with any goods or services, or any container for goods, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin of Last Brand's goods by another person and constitutes the use in commerce of false designations of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
### (Violation of Delaware's Deceptive Trade Practice Act -- 6 *Del. C.* §§ 2531 *et*

*seq.*)

55. Orchard repeats and realleges the previous allegations set forth above with the same force and effect as if set forth fully herein.

56. Orchard uses Plaintiff's QUINCE Marks to identify goods and to distinguish them from the services of others.

57. Last Brand's activities, including in Delaware as described above, including the use of Defendant's QUINCE Mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services, constitute deceptive trade practices by:

    (a) Causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or association with or certification of goods or services in violation of 6 *Del. C.* § 2532(a)(2);

    (b) Causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another in violation of 6 *Del. C.* § 2532(a)(3); and

    (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval,

status, affiliation, or connection that the person does not have in violation of 6 *Del. C.* § 2532(a)(5).

58. Upon information and belief, since at least as early as the 2022 and 2023 Letters, Last Brand had actual notice of the likelihood of confusion created by Last Brand's use of Defendant's QUINCE Marks.

59. Upon information and belief, since at least as early as the 2022 and 2023 Letters, Last Brand has willfully engaged in the deceptive trade practices described above, entitling Orchard to treble damages and attorneys' fees under 6 *Del. C.* § 2533.

## COUNT IV
### (Trademark Dilution and Injury to Business Reputation -- 6 *Del. C.* § 3313)

60. Orchard repeats and realleges the previous allegations set forth above with the same force and effect as if set forth fully herein.

61. Plaintiff's QUINCE Marks are arbitrary as they do not have any logical or suggestive relation to the actual characteristics of the goods sold and are, therefore, inherently distinctive.

62. Reasonable consumers draw a mental association between Plaintiff's use of Plaintiff's QUINCE Marks and Defendant's use of Defendant's QUINCE Mark.

63. Last Brand's conduct, including in Delaware as described above, is likely to injure Orchard's business reputation and to dilute the distinctive quality of

16

Plaintiff's QUINCE Marks, in violation of the Delaware Trademark Act, 6 *Del. C.* § 3313.

64. Last Brand's conduct, including in Delaware as described above, has in fact injured Orchard's business reputation and diluted the distinctive quality of Plaintiff's QUINCE Marks as evidenced by actual confusion in the marketplace in violation of the Delaware Trademark Act, 6 *Del. C.* § 3313.

## **PRAYER FOR RELIEF**

WHEREFORE, Orchard respectfully requests that this Court enter full and final judgment in its favor and against Last Brand as follows:

A. Last Brand, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, shall be permanently enjoined from using the trademark, brand name or any other mark(s) or name(s) comprising or containing the term "QUINCE" in any manner in connection with any and all operations of its business, including, without limitation, the sale, advertising, promotion or distribution of any of its goods or services.

B. Last Brand, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of

the injunctive order, shall be permanently enjoined from prosecuting and/or defending any Opposition(s) filed by Orchard against the registration(s) of the mark QUINCE that Orchard has and/or may file against Last Brand's currently pending '149 and '169 Applications.

      C.     Last Brand, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, shall be ordered to withdraw any registrations that the United States Patent and Trademark Office ("USPTO") may grant on Last Brand's currently pending '149 and '169 Applications.

      D.     Last Brand shall deliver up for destruction all material (including, without limitation, all packaging, catalogs, advertisements, promotional materials, brochures, signs, displays and/or stationery) within its possession, custody or control that uses Defendant's QUINCE Mark or any other marks or names comprising or containing the term "QUINCE".

      E.     Last Brand shall remove all use of QUINCE from its website, social media sites, and/or any other websites on which is has used, directly or indirectly, the QUINCE mark, and any and all domain names that include the QUINCE mark, including, but not limited to QUINCE.COM.

      F.     Last Brand shall be directed to file with the Court and serve upon

Orchard, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in paragraphs A - D above.

  G. Last Brand shall be directed to account to Orchard for all gains, profits and advantages derived from its wrongful acts and to pay Orchard all damages sustained as a result of Last Brand's unlawful conduct.

  H. Orchard shall recover from Last Brand the greater of three times the amount of Last Brand's profits or any damages sustained by Orchard, for willful infringement, dilution and deceptive trade practices under the Lanham Act and Delaware statutes.

  I. Orchard shall recover from Last Brand its attorneys' fees and costs in this action.

  J. Orchard shall have such other and further relief as the Court deems just, equitable and proper.

Dated: October 3, 2024

*Of Counsel:*

Myron Greenspan
Robert Golden
Cathy Shore Sirotin
NOLTE LACKENBACH SIEGEL
111 Brook Street, Suite 101
Scarsdale, NY 10583
O: 866-201-2030 ext. 139
D: 914-723-4668
F: 914-723-4301
mgreenspan@nls.law
rgolden@nls.law
cshore@nls.law

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Plaintiff Orchard Yarn and Thread Company Inc.*