IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORCHARD YARN AND THREAD COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-805 (GBW) |
| | ) | |
| LAST BRAND, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR 28 U.S.C. § 1367(c)**

<br>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899-1347
(302) 658-9200
began@morrisnichols.com

OF COUNSEL:

*Attorneys for Defendant*

Zachary M. Briers
Adam W. Kwon
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
(213) 683-9100

November 21, 2024

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................................................1

II.    PLAINTIFF'S DILUTION CLAIM IS NOT SAVED BY THREADBARE
       ALLEGATIONS OF "INJURY TO BUSINESS REPUTATION." ..................................1

III.   THE FAC FAILS TO STATE A CLAIM FOR TRADEMARK DILUTION. ..................2

       A.     Plaintiff's Allegation of Niche Recognition Is Insufficient to State a Claim
              for Dilution............................................................................................................2

       B.     Plaintiff's Allegation That the Asserted Mark Is "Arbitrary" Is Insufficient
              to State a Claim for Dilution. ................................................................................7

       C.     Count IV Should Be Dismissed With Prejudice. ....................................................9

IV.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
       JURISDICTION OVER COUNT IV, WHICH PRESENTS NOVEL AND
       COMPLEX ISSUES OF STATE LAW. ..........................................................................10

V.     CONCLUSION.................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aero AG Holdings, LLC v. Huggoes Fashion LLC*,
  2022 WL 6244439 (S.D.N.Y. July 5, 2022) ...................................................4

*Barnes Grp. Inc. v. Connel Ltd. Partnership*,
  793 F. Supp. 1277 (D. Del. 1992) .........................................................5, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................2

*Bos. Granite Exch., Inc. v. Greater Bos. Granite, LLC*,
  2012 WL 3776449 (D. Mass. Aug. 29, 2012) .........................................4

*Componentone, L.L.C. v. Componentart, Inc.*,
  2007 WL 4302108 (W.D. Pa. Dec. 6, 2007).............................................3

*F.C.C. v. Pacifica Foundation*,
  438 U.S. 726 (1978).....................................................................................1

*Healthbox Glob. Partners, LLC v. Under Armour, Inc.*,
  2016 WL 3919452 (D. Del. July 19, 2016) ..............................................1

*HomeVestors of Am., Inc. v. Warner Bros. Discovery, Inc.*,
  2023 WL 6880341 (D. Del. Oct. 18, 2023) ...........................................5, 6

*LabMD Inc. v. Boback*,
  47 F.4th 164 (3d Cir. 2022) .....................................................................9

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997)........................................................................2

*Ramsgate Ct. Townhome Ass'n v. W. Chester Borough*,
  313 F.3d 157 (3d Cir. 2002)........................................................................9

*Savin Corp. v. Savin Grp.*,
  391 F.3d 439 (2d Cir. 2004)........................................................................7

*Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*,
  2022 WL 605724 (D. Del. Jan. 25, 2022)..........................................4, 5, 8, 9, 10

**STATUTES**

Delaware Anti-Dilution Statute
  6 Del. C. § 3313 ................................................................... 4 n.1, *passim*

Massachusetts Anti-Dilution Statute
    Mass. Gen. Laws ch. 110H § 13 ...................................................................................4 n.1

New York Anti-Dilution Statute
    N.Y. Gen. Bus. L. § 360-l...............................................................................................4 n.1

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 12(b)(6)...............................................................................................................................6

**OTHER AUTHORITIES**

J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition
    (5th ed. 2024)...............................................................................................................3, 5, 6

Restatement (Third) of Unfair Competition
    (Am. L. Inst. 1995) ...........................................................................................................3

## I.      INTRODUCTION

Plaintiff's efforts to salvage its claim for trademark dilution under Delaware law fail for two main reasons.  First, Plaintiff alleges only that the Asserted Mark attained recognition in the market for high-quality yarns; it does not allege that the Asserted Mark attained the requisite widespread recognition among the general public.  Second, Plaintiff's effort to rely on ***conceptual*** distinctiveness, as opposed to ***commercial*** recognition, is insufficient.  Like federal law, Delaware trademark dilution law applies only to a mark that attains widespread commercial distinctiveness among general-purpose consumers.  While there is a dearth of Delaware case law addressing these issues, the Court can resolve them by reference to analogous doctrines in federal and other states' laws.  To the extent the Court finds any of these legal concepts undetermined, it should decline to exercise supplemental jurisdiction over Count IV, deferring to Delaware courts to address novel and complex issues of state law in the first instance.

## II.     PLAINTIFF'S DILUTION CLAIM IS NOT SAVED BY THREADBARE ALLEGATIONS OF "INJURY TO BUSINESS REPUTATION."

Plaintiff incorrectly argues that it can state a claim under 6 Del. C. § 3313 merely by alleging "a likelihood of injury to business reputation," which it characterizes as an independent "prong" of Delaware's anti-dilution statute.  *See* Opp. 4–5 (D.I. 19).  Plaintiff cites no relevant legal authority to support its construction of Delaware's anti-dilution statute, relying instead on inapposite case law.  The only case cited by Plaintiff involved the interpretation of the word "or" as used in the Communications Act of 1934; it did not consider any issue remotely related to Delaware's anti-dilution statute.  *Id.* at 4 (citing *F.C.C. v. Pacifica Foundation*, 438 U.S. 726, 739–40 (1978)).  No court has ever interpreted 6 Del. C. § 3313 as requiring merely an allegation of "injury to business reputation."  To the contrary, a plaintiff asserting a claim under section 3313 of the Delaware Trademark Act "must demonstrate that there is a likelihood of dilution." *Healthbox Glob. Partners, LLC v. Under Armour, Inc.*, 2016 WL 3919452, at *9 (D. Del. July 19, 2016).

Even if Plaintiff were capable of stating a claim under Delaware's anti-dilution statute by solely alleging injury to business reputation, the FAC falls short. Count IV contains a single, conclusory recitation that Defendant's conduct "is likely to injure [Plaintiff's] business reputation." FAC ¶ 63. Surely more would be required than simply asserting the ultimate legal conclusion that an injury is likely to occur. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Thus, even if the Court accepted Plaintiff's flawed statutory interpretation, Count IV must still be dismissed.

## III.    THE FAC FAILS TO STATE A CLAIM FOR TRADEMARK DILUTION.

### A.    Plaintiff's Allegation of Niche Recognition Is Insufficient to State a Claim for Dilution.

Plaintiff alleges only that the Asserted Mark has gained commercial recognition "among the relevant consuming public for high quality yarns, patterns for using its yarns . . . and other items that can and are created by knitting and crocheting." FAC ¶ 17; Def.'s Opening Br. 4–8 (D.I. 18). This is insufficient to state a claim under 6 Del. C. § 3313, as Plaintiff does not allege that the mark has achieved widespread recognition among general consumers. Plaintiff raises eight arguments in opposition. None is persuasive.

***First***, Plaintiff accuses Defendant of ignoring paragraph 16 of the FAC, which alleges that the Asserted Mark has "become well-known and associated with high quality yarns." Opp. 7 (quoting FAC ¶ 16). But Plaintiff does not dispute that only one paragraph in the FAC, paragraph 17, specifies ***by whom*** the Asserted Mark is allegedly "well-known." That paragraph makes clear that the Asserted Mark is known only among a niche base of high-quality yarn consumers. Even now, Plaintiff does not contend its mark is well-known among the general public.

2

***Second***, Plaintiff incorrectly argues that recognition among a niche market is sufficient because a contrary holding would require invoking "federal common law" in a manner that would "preempt" Delaware law. Opp. 7–8. This argument suffers multiple flaws. Plaintiff appears to contend that the ***prohibition*** of claims based on niche market fame is a matter of federal common law. *Id.* at 7 (citing *ComponentOne, L.L.C. v. ComponentArt, Inc.*, 2007 WL 4302108, at *3 (W.D. Pa. Dec. 6, 2007)). Rather, the ***allowance*** of dilution claims premised on niche market fame, ***was previously*** "a creature of judicial construction of federal law," which prompted Congress to intervene with the Trademark Dilution Revision Act of 2006 ("TDRA") to explicitly prohibit such claims. *See ComponentOne*, 2007 WL 4302108, at *1–2 (acknowledging that "niche market fame" to establish a dilution claim is "a concept no longer recognized under federal law").

Defendant does not contend that the federal dilution statute preempts the Delaware statute, as Plaintiff suggests. Rather, Defendant contends that the same prerequisite of widespread recognition applies to dilution claims under Delaware law, as virtually all legal authorities agree. *See, e.g.*, Restatement (Third) of Unfair Competition § 25 cmt. e (Am. L. Inst. 1995) ("A mark that evokes an association with a specific source only when used in connection with the particular goods or services that it identifies is ordinarily not sufficiently distinctive to be protected against dilution."); McCarthy, J. Thomas, McCarthy on Trademarks & Unfair Competition ("*McCarthy*") § 24:105 (5th ed. 2024) ("The use of niche fame is forbidden by the 2006 revisions to federal law. In the author's view, the niche fame theory similarly should not be used under state law. As a matter of public policy, the niche fame concept threatens to deform and displace the traditional likelihood of confusion rule. . . . This is contrary to the purpose and intent of any coherent antidilution law.").

While there is a dearth of on-point Delaware authorities, courts already have held that claims premised on niche market fame are insufficient under Massachusetts' and New York's anti-

3

dilution statutes, which mirror the language of the Delaware statute. *See, e.g.*, *Bos. Granite Exch., Inc. v. Greater Bos. Granite, LLC*, 2012 WL 3776449, at *5–6 (D. Mass. Aug. 29, 2012) (holding alleged niche market distinctiveness insufficient to state a dilution claim under Massachusetts law); *Aero AG Holdings, LLC v. Huggoes Fashion LLC*, 2022 WL 6244439, at *17–18 (S.D.N.Y. July 5, 2022) (same under New York law).[1]  The same logic applies with equal force here.

*Third*, Plaintiff argues that the Delaware anti-dilution statute was not modeled after the federal statute, as the latter was not enacted until 1996.  Opp. 8.  That premise is true.  But the distinction makes little difference.  Delaware's law was enacted in 1976 "based on the 1964 United States Trademark Association's Model State Trademark Bill and several state statutes that were enacted prior to the 1964 Model Bill," *Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*, 2022 WL 605724, at *13 (D. Del. Jan. 25, 2022), such as the Massachusetts anti-dilution statute enacted in

---

[1] The texts of the Delaware, Massachusetts, and New York anti-dilution statutes are essentially identical, and none expressly provides for a cause of action based on niche market recognition:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under this chapter, or a mark valid at common law or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties, or the absence of confusion as to the source of goods or services.

6 Del. C. § 3313.

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under this chapter, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

Mass. Gen. Laws ch. 110H § 13.

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

N.Y. Gen. Bus. L. § 360-l.

1947 and the New York anti-dilution statute enacted in 1955, *see McCarthy* § 24:77. Each of those statutes has been construed to exclude claims based on niche market recognition.

In 1992, the re-named International Trademark Association amended its Model Bill to require that a mark be "famous," to conform with the bill that eventually became the first federal anti-dilution law in 1996. *See McCarthy* § 24:79. "The Delaware statute has not been amended since." *Spark Therapeutics*, 2022 WL 605724, at *13. Thus, it is more accurate to say that the Delaware statute was modeled after the 1964 Model Bill, which itself was amended in 1992 to conform to its federal corollary. As Judge Bryson explained in *Spark Therapeutics*, "there is substantial authority, both in New York and elsewhere, that ***the statutory language taken from the 1964 Model State Trademark Bill requires an enhanced level of distinctiveness*** in order for a mark to qualify for protection from dilution," similar to the heightened distinctiveness requirement imposed by the amended Model Bill and the federal dilution laws. *Id.* at *15 (emphasis added).

**Fourth**, Plaintiff relies heavily on *Barnes Group Inc. v. Connel Ltd. Partnership*, 793 F. Supp. 1277 (D. Del. 1992), arguing that it "remains good law." Opp. 9. Regardless, there can be no dispute that *Barnes* does not address the immediate question. *Barnes* never addressed whether alleging niche market recognition suffices to state a Delaware dilution claim. *See* 793 F. Supp. at 1303–04. Plaintiff's brief suggests that *Barnes* controls, but it does not specify which part of *Barnes* might apply here, because it cannot.

**Fifth**, Plaintiff accurately identifies that *HomeVestors of America, Inc. v. Warner Bros. Discovery*, 2023 WL 6880341 (D. Del. Oct. 18, 2023), did not concern the question of whether niche market recognition was sufficient. Opp. 9–10. But Plaintiff does not seem to dispute, as Defendant argued in its opening brief, that the parties in *HomeVestors* agreed that "case law

regarding 6 Del. C. § 3313 is 'sparse,' and that [the Court] may analyze the state dilution claims together with the federal dilution claims." *See* 2023 WL 6880341, at *6.

**Sixth**, Plaintiff urges the Court to disregard Defendant's citation to the Author's Comment in *McCarthy* § 24:105. Opp. 10–12. According to Plaintiff, the policy considerations identified by Professor McCarthy demonstrate the inadequacy of dilution law only when parties compete "in the same niche market." *Id.* at 10–11 (quoting with emphasis *McCarthy* § 24:105). Plaintiff misinterprets the quoted text and inadvertently highlights why niche market recognition cannot suffice to establish a claim for dilution. If parties do not compete in the same niche market, and the plaintiff's mark is recognized only within its own niche market, the defendant's use of a mark outside of that niche market cannot dilute the plaintiff's mark. "The legal theory of antidilution was conceived to protect ***strong*** marks against a diluting use by a junior user in a product or service line ***far removed*** from that in which the famous mark appears." *McCarthy* § 24:105 (emphasis added). But if the Delaware anti-dilution statute could be invoked for *any* trademark that has achieved only niche recognition, it "becomes a rogue law that turns every trademark, no matter how weak, into an anti-competitive weapon, sweeping up all uses of the mark in every line of business." *Id.* § 24:87.

**Seventh**, Plaintiff appears to accuse Defendant of failing to apply the proper Rule 12(b)(6) standard in presenting its arguments. Opp. 12 (referring to an "alternative argument" under which the pleaded facts are accepted as true). This is not so. Defendant's motion is squarely premised on accepting as true Plaintiff's allegation that the Asserted Mark is well-known "among the relevant consuming public for high quality yarns, patterns for using its yarns . . . and other items that can and are created by knitting and crocheting." FAC ¶ 17. Such recognition among a niche market, as Plaintiff has alleged, is simply insufficient.

*Lastly*, Plaintiff argues that Defendant's citation to *Savin Corp. v. Savin Group*, 391 F.3d 439 (2d Cir. 2004), "is irrelevant, because it focuses on federal dilution." Opp. 12. To be sure, the federal dilution standard requires a plaintiff to own a sufficiently "famous" mark, whereas the Delaware statute requires ownership of a sufficiently "distinctive" mark. But this distinction also results in no difference with regard to the Second Circuit's point in *Savin*, which is that the issue is best resolved on the pleadings, when possible, as it can "obviate the costly litigation of potentially much thornier issues, such as whether actual blurring or tarnishing of the senior mark has in fact occurred, or . . . whether a junior and senior mark that are each used in varying ways in different contexts and media are in fact 'identical' for purposes of [dilution]." 391 F.3d at 450. Here, the Court would be "well-advised" to adjudicate the issues presented in Defendant's motion, so that neither the parties nor the Court need to waste resources litigating the question of whether dilution actually occurred. *Id.*

In sum, nothing in Plaintiff's brief overcomes the fact that niche market recognition, as alleged in the FAC, is legally insufficient to state a claim for dilution under Delaware's anti-dilution statute. Accordingly, Count IV of the FAC should be dismissed.

### B.    Plaintiff's Allegation That the Asserted Mark Is "Arbitrary" Is Insufficient to State a Claim for Dilution.

In response to Defendant's initial motion to dismiss, Plaintiff amended its complaint to assert a new allegation that the Asserted Mark, even if not commercially strong, is conceptually distinctive. Plaintiff now argues that its mark is inherently distinctive because "Quince" is an arbitrary name for yarn, and that it therefore has adequately pled distinctiveness for purposes of alleging dilution. Plaintiff asserts three arguments to that end, none of which is correct.

*First*, Plaintiff accuses Defendant of "fixat[ing]" on the FAC's new allegations as if Plaintiff's allegations "are limited to this single allegation." Opp. 13. Plaintiff misunderstands Defendant's position. Defendant contends that this new allegation of conceptual distinctiveness

is irrelevant and immaterial to whether Plaintiff has adequately alleged a mark that is sufficiently distinctive to warrant a claim for dilution, because what is required is commercial distinctiveness. Thus, to the extent Plaintiff relies on this allegation of conceptual distinctiveness to state a claim for relief, it is insufficient. This is not an unnecessary "hypothetical argument" as Plaintiff suggests, *see* Opp. 12, because Plaintiff is now attempting to rely on conceptual distinctiveness to save its claim from dismissal.

***Second***, Plaintiff argues that alleging inherent distinctiveness is sufficient to state a claim for dilution. Opp. 13–14 (citing *Barnes*, 793 F. Supp. at 1304). To be sure, the *Barnes* court stated in dicta: "Proof of distinctiveness necessary to satisfy the antidilution statutes typically is the same proof used to show inherent or acquired distinctiveness . . . ." 793 F. Supp. at 1304.[2] But this statement from *Barnes* was subsequently criticized and distinguished by Judge Bryson in *Spark Therapeutics*. Like Plaintiff here, the plaintiff in *Spark Therapeutics* relied on *Barnes* to argue that "any mark that has inherent or acquired distinctiveness falls within the scope of the Delaware anti-dilution statute, and that it is not necessary for the mark to have an enhanced level of strength to qualify." *Spark Therapeutics*, 2022 WL 605724, at *14. Judge Bryson thoroughly explained why the plaintiff was wrong. *Id.* at *15–17 (noting that the court's opinion in *Barnes* was "somewhat cryptic regarding the degree of a mark's distinctiveness that is necessary" to assert a Delaware dilution claim). In particular, Judge Bryson correctly noted that "the two New York cases that the *Barnes* court cited in support of its construction of the Delaware Trademark Act both required that the plaintiff's mark must be ***very strong*** in order to give rise to a dilution claim," thereby "[s]hedding doubt" on the plaintiff's interpretation of *Barnes*. *Id.* at *15 (emphasis added). Judge Bryson also correctly noted that neither *Barnes* nor its progeny squarely "address[ed] the

---

[2] This quote from *Barnes* has "been cited and quoted in four subsequent decisions in this district," but "[t]hose later cases, however, have not elaborated on the discussion in *Barnes*." *Spark Therapeutics*, 2022 WL 605724, at *14. "None of those cases added anything new to the construction of the Delaware statute beyond what was said in *Barnes*." *Id.* at *14 n.11.

question whether a weaker mark, such as one that was merely [arbitrary], would be sufficient to support a dilution claim under the Delaware statute," as Plaintiff here suggests. *Id.* at 14 n.12. And, even if *Barnes* did stand for such a sweeping proposition (it does not), this Court "is not compelled to follow." *Id.*

**Third,** Plaintiff argues that "Defendant does not propose an alternative to *Barnes*." Opp. 14. Plaintiff then admits that Defendant cited multiple legal authorities, including a case from this District where Judge Bryson analyzed this very issue. *Id.*; *see, e.g.*, *Spark Therapeutics*, 2022 WL 605724, at *15 ("[T]here is substantial authority, both in New York and elsewhere, that the statutory language taken from the 1964 Model State Trademark Bill requires an enhanced level of distinctiveness in order for a mark to qualify for protection from dilution."). The fact that Judge Bryson sidestepped the issue by denying preliminary injunction on alternate grounds makes little difference. The Court should follow the reasoning laid out in *Spark Therapeutics* to hold that mere conceptual distinctiveness is insufficient to establish a claim for dilution under Delaware law.

### C.    Count IV Should Be Dismissed With Prejudice.

Plaintiff states, in a footnote with no explanation, that it "respectfully requests leave to amend" in the event of dismissal. Opp. 14 n.6. Plaintiff's improper request for leave to amend should be denied. Plaintiff has not identified ***how*** a second amendment could plausibly overcome the legal deficiencies identified in Defendant's motion. *See LabMD Inc. v. Boback*, 47 F.4th 164, 192 (3d Cir. 2022) ("[A] plaintiff must properly request leave to amend a complaint in order for the district court to consider whether to permit amendment. . . .  The court may deny leave to amend if the plaintiff does not provide a draft amended complaint."); *Ramsgate Ct. Townhome Ass'n v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002) ("Plaintiff's single sentence, lacking a statement for the grounds for amendment and dangling at the end of [its] memorandum, did not rise to the level of a motion for leave to amend." (citation and alteration omitted)).

**IV.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER COUNT IV, WHICH PRESENTS NOVEL AND COMPLEX ISSUES OF STATE LAW.**

Plaintiff appears to concede that supplemental jurisdiction should not be exercised if the issues presented here are in fact novel, yet Plaintiff denies that they are novel and argues that they have been "squarely decided." Opp. 15–16. That is incorrect. *See, e.g.*, *Spark Therapeutics*, 2022 WL 605724, at *14 n.12 (explaining that no court has squarely addressed whether inherent distinctiveness, absent commercial strength, could suffice to state a Delaware dilution claim). Including Plaintiff's new argument in its opposition that a cause of action can be maintained under 6 Del. C. § 3313 without even alleging dilution of a trademark, Opp. 4–5, Count IV raises ***three*** novel and complex issues of Delaware state law that no court has squarely addressed. Plaintiff cites no case showing otherwise.

**V.    CONCLUSION**

Pursuant to Rule 12(b)(6), the Court should dismiss Count IV of the FAC with prejudice. Alternatively, the Court should decline to exercise supplemental jurisdiction over Count IV.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Zachary M. Briers
Adam W. Kwon
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
(213) 683-9100

November 21, 2024

Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899-1347
(302) 658-9200
began@morrisnichols.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 21, 2024, upon the following in the manner indicated:

Neal C. Belgam, Esquire                                          *VIA ELECTRONIC MAIL*
Daniel A. Taylor, Esquire
SMITH KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, DE 19801
*Attorneys for Plaintiff*

Myron Greenspan, Esquire                                    *VIA ELECTRONIC MAIL*
Robert Golden, Esquire
Cathy Shore Sirotin, Esquire
NOLTE LACKENBACH SIEGEL
111 Brook Street, Suite 101
Scarsdale, NY 10583
*Attorneys for Plaintiff*

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)