IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORCHARD YARN AND THREAD
COMPANY INC.,

                Plaintiff,

        v.

LAST BRAND, INC.,

                Defendant.

Civil Action No. 24-805-GBW

---

Neal C. Belgam, Daniel A. Taylor, SMITH KATZENSTEIN & JENKINS LLP, Wilmington, Delaware; Myron Greenspan, Robert B. Golden, Cathy E. Shore Sirotin, NOLTE LACKENBACH SIEGEL, Scarsdale, New York.

      *Counsel for Plaintiff*

Brian P. Egan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Zachary M. Briers, Adam W. Kwon, MUNGER, TOLLES & OLSON LLP, Los Angeles, California.

      *Counsel for Defendant*

**MEMORANDUM OPINION**

October 6, 2025
Wilmington, Delaware

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE

Pending before the Court is Defendant Last Brand, Inc.'s ("Defendant") Partial Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1367(c) ("Partial Motion to Dismiss" or "Motion") (D.I. 17), which has been fully briefed (D.I. 18; D.I. 19; D.I. 20). For the reasons below, the Court denies Defendant's Partial Motion to Dismiss.

## I.    BACKGROUND

The following are factual allegations taken as true for the purpose of resolving Defendant's Partial Motion to Dismiss.[1]  Plaintiff Orchard Yarn and Thread Company Inc. ("Plaintiff") is a distributor of knitting and craft yarn in the United States. D.I. 15 ¶ 7. Plaintiff also supplies an assortment of products such as crochet kits, weaving kits, and instructional and educational materials related to knitting or crocheting garments. *Id.* ¶ 8.

On June 15, 2023, Plaintiff purchased the assets of Quince & Company, Inc. ("Quince & Co."). *Id.* ¶ 14. Through the acquisition of Quince & Co., Plaintiff acquired all rights, title and interest to Quince & Co.'s marks. *Id.* ¶ 15. The marks include federally registered mark "QUINCE&CO." and common law mark "QUINCE". *Id.* ¶ 10.[2] The mark in dispute is "QUINCE" (the "Asserted Mark").

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff. *See Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020).

[2] On February 4, 2021, Quince & Co. filed a trademark application 90510356 for "QUINCE&CO." listing the first use and in commerce date of January 11, 2010. *Id.* ¶ 11. Trademark Registration No. 6,734,957 issued on May 24, 2022, for classes 9, 16 and 23. *Id.* Class code 9 is downloadable image files containing patterns and instructions for knitting. Class code 16 is printed patterns and

Defendant has operated Quince.com, an online retail store that sells clothing, home décor, household items and luggage, since June 2020. *Id.* ¶ 3. On August 12, 2020, Defendant filed Trademark Application 90110149 to register the "QUINCE" mark for services in class code 35, on-line retail store services featuring men's and women's casual clothing, claiming a first use date of June 30, 2020. *Id.* ¶ 20. On May 17, 2023, the United States Patent and Trademark Office ("USPTO") marked the application as abandoned for failure to respond to an office action. *Id.*

On April 28, 2021, Defendant filed Trademark Application Nos. 90678169 ("'169 Application) and 90678247 ("'247 Application") for the "QUINCE" mark, claiming a first use date of no later than January 30, 2020. *Id.* ¶ 21. The '169 Application was filed for services in class code 35, on-line retail store services featuring housewares, namely, bed sheets, pillow covers, shams, comforters, duvet covers, blankets, throws, quilts, bath linens, dining linens, runners. *Id.* The '247 Application was filed for goods in class code 24: housewares, namely bed sheets, pillow covers, shams, comforters, duvet covers, blankets in the nature of bed blankets, throw blankets and children's blankets, quilts, bath linens, dining linens, runners in the nature of fabric table runners. *Id.* Plaintiff opposed both applications, and the proceedings are currently suspended pending resolution of this action. *Id.* ¶¶ 23-24.

On January 13, 2022, prior to its acquisition, Quince & Co. sent a cease-and-desist letter to Defendant regarding Defendant's use of the QUINCE mark and outlining Quince & Co's trademark infringement claim. *Id.* ¶ 28. Following Plaintiff's acquisition of Quince & Co., Plaintiff sent a cease and desist to Defendant on September 15, 2023. *Id.* ¶ 30. Defendant did not respond. *Id.* ¶ 31.

---

instruction sheets for knitting. Class code 23 is yarn, knitting yarn, wool yarn, alpaca yarn; mohair yarn; merino wool yarn; cotton yarn; hemp yarn; silk yarn; natural fiber yarn. *Id.*

## II.    PROCEDURAL HISTORY

On July 10, 2024, Plaintiff filed its Complaint for trademark infringement under Lanham Act § 32(1), false designation of origin under Lanham Act § 43(a), dilution under Lanham Act § 43(c), common law unfair competition and violation of Delaware's Deceptive Trade Practice Act under 6 *Del. C.* § 2531.  D.I. 1.  On October 3, 2024, Plaintiff filed its First Amended Complaint ("FAC") to remove its claims for dilution under Lanham Act § 43(c) and common law unfair competition, and added a claim for trademark dilution and injury to business reputation under 6 *Del. C.* § 3313.  D.I. 15.  On October 17, 2024, Defendant filed its Partial Motion to Dismiss, seeking dismissal of Count IV of Plaintiff's FAC, i.e., trademark dilution and injury to business reputation under 6 *Del. C.* § 3313.  D.I. 17.

## III.   LEGAL STANDARDS

### A.    Motion to Dismiss

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).  But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

4

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

## B.    Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." However, a district court may decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

## IV.    DISCUSSION

Defendant moves to dismiss Count IV of Plaintiff's FAC, the trademark dilution and injury to business reputation provision § 3313 of the Delaware Trademark Act ("DTA"). That provision provides, in pertinent part, that "[l]ikelihood of injury to business reputation or of dilution of the

distinctive quality of a mark . . . valid at common law . . . shall be a ground for injunctive relief notwithstanding the absence of competition between the parties, or the absence of confusion as to the source of goods or services." 6 *Del. C.* § 3313.

To survive a motion to dismiss for failure to state a claim under the DTA, "a plaintiff must demonstrate that there is a likelihood of dilution, not actual dilution." *Treasury Mgmt. Servs., Inc. v. Wall St. Sys. Delaware, Inc.*, No. 16-cv-283-JFB-, 2017 WL 1821114, at *5 (D. Del. May 5, 2017). "Likelihood of dilution requires 'some mental association between the marks' and can be defined as a 'blurring of a mark's product identification or tarnishment of the affirmative associations a mark has come to convey.'" *Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 855 (D. Del. 2006) (quoting *Barnes Grp., Inc. v. Connell Ltd. P'ship*, 793 F. Supp. 1277, 1304 (D. Del. 1992)). Furthermore, "[a] plaintiff's mark need not be famous to obtain relief under the Delaware statute; rather, proof of distinctiveness suffices." *S&P Glob. Inc. v. S&P Data LLC*, 619 F. Supp. 3d 445, 468 (D. Del. 2022). "Proof of distinctiveness necessary to satisfy the anti-dilution statutes typically is the same proof used to show inherent or acquired distinctiveness for infringement purposes under the Lanham Act." *Barnes Grp., Inc.*, 793 F. Supp. at 1304.

Here, Defendant fails to demonstrate that Plaintiff insufficiently plead dilution under the DTA and the Court will address each of the grounds for Defendant's Motion in turn. First, Defendant contends that Plaintiff's assertion of notoriety within a niche market is insufficient to support a claim for dilution. D.I. 18 at 2. The Court is not persuaded by Defendant's contention because Defendant cites no relevant case law to support its arguments and relies on an unbinding restatement. *See ECB USA, Inc. v. Savencia, S.A.*, No. 19-cv-731-GBW-CJB, 2020 WL 5369076, at *4 (D. Del. Sept. 8, 2020) ("As a general prudential rule, courts only decide issues that are fairly and fully presented.")

6

Second, Defendant disputes the distinctiveness required to warrant protection against dilution. As the District Court of Delaware has previously explained, the antidilution provision of the DTA "does not speak to what level of distinctiveness in a mark is sufficient to give rise to a dilution claim." *Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*, No. CV 21-00705-WCB, 2022 WL 605724, at \*14 (D. Del. Jan. 25, 2022). "Trademark law recognizes categories of marks based on their levels of inherent distinctiveness. From least to most distinctive, they are: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; and (5) fanciful." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 478 (3d Cir. 1994) (citing *Two Pesos Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)); *Ambient Heating & Cooling, LLC v. Shepherd*, 2017 WL 1162943, at \*6 (Del. Ch. Mar. 28, 2017). "Arbitrary or fanciful marks use terms that neither describe nor suggest anything about the product." *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 183 (3d Cir. 2010). Suggestive, arbitrary, and fanciful marks are "inherently distinctive" because "their intrinsic nature serves to identify a particular source of a product[.]" *Two Pesos Inc.*, 505 U.S. at 768.

In the FAC, Plaintiff pleads that the Asserted Mark, QUINCE, is distinct. *See* D.I. 15 ¶¶ 10, 16, 61. Plaintiff further pleads that the Asserted Mark is arbitrary as the mark does not "have any logical or suggestive relation to the actual characteristics of the goods sold and are, therefore, inherently distinctive." D.I. 15 ¶ 62. Defendant acknowledges that arbitrary marks are inherently distinctive but contends that this distinctiveness is conceptual, not commercial, as required to support a claim for dilution under the DTA. D.I. 18 at 8. Again, however, the statute does not speak to the level or kind of distinctiveness required and the Court will not impose a

requirement not specified by the statute. *See Spark Therapeutics, Inc*, 2022 WL 605724, at \*14. Thus, in accordance with *Sabinsa* and *Two Pesos Inc.*, Plaintiff sufficiently pled distinctiveness. [3]

Lastly, Defendant states that this Court should decline to exercise supplemental jurisdiction over Count IV because "it presents novel and complex issues of state law on which no Delaware court has opined, and Plaintiff no longer alleges any corresponding federal dilution claim." D.I. 18. Since Plaintiff's claim for dilution under the DTA is related to Plaintiff's claim for trademark infringement under Lanham Act § 43(a), the Court will exercise supplemental jurisdiction over the related state law claim. 28 U.S.C. § 1367(a).

For these reasons, the Court denies Defendant's Partial Motion to Dismiss (D.I. 17) with respect to Count IV of the FAC - trademark dilution and injury to business reputation under 6 *Del. C.* § 3313.

## V.    CONCLUSION

For all the foregoing reasons, Defendant Last Brand, Inc.'s Partial Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1367(c) (D.I. 17) is DENIED.

The Court will issue an Order consistent with this Memorandum Opinion.

---

[3] Plaintiff also pleads that Defendant uses an identical or similar mark in a way that could·create a mental association. D.I. 15 ¶¶ 19, 38, 40, 62 ("the balls yarn juxtaposed next to Last Brand's sweaters evidences Last Brand's intention to associate its goods with yarn, which Orchard sells under the same and/or a highly similar trademark"). Thus, Plaintiff's FAC alleges specific facts supporting a claim for dilution under the DTA.