IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCHARD YARN AND THREAD COMPANY INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 24-805 (GBW) ) |
| LAST BRAND, INC., | ) ) |
| Defendant. | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Last Brand, Inc. d/b/a Quince ("Quince") hereby submits this Answer to the First Amended Complaint ("FAC") filed by Plaintiff Orchard Yarn and Thread Company Inc. d/b/a Lion Brand Yarn Company Corporation ("Orchard"). *See* D.I. 15. Each paragraph of the Answer below corresponds to the corresponding numbered paragraph of the FAC. Quince denies every allegation set forth in the FAC unless expressly admitted below.

### NATURE OF THE ACTION[1]

1. Quince admits that Orchard alleges causes of action for trademark infringement, false designation of origin, trademark dilution, and unfair competition. Quince denies that it has violated any of Orchard's trademark rights, to the extent they exist.

### PARTIES

2. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the FAC, and on that basis denies them.

---

[1] The headings from the FAC are quoted herein for convenience but are not allegations to which a response is required. However, to the extent a response is necessary, Quince denies the statements and characterizations in such headings.

3. Quince admits it is a Delaware corporation, but its principal place of business is located at 2012 16th Street, San Francisco, CA 94103. Quince admits that it sells alpaca sweaters, cotton sweaters, Merino wool sweaters, and cashmere sweaters on its website, www.Quince.com. Quince admits that some of its customers are located in Delaware.

## JURISDICTION AND VENUE

4. Quince admits that this Court has subject-matter jurisdiction.

5. Solely for purposes of this action, Quince does not contest personal jurisdiction in this District. Quince denies the remaining allegations in Paragraph 5 of the FAC.

6. Solely for purposes of this action, Quince admits venue is proper in this District. Quince denies the remaining allegations in Paragraph 6 of the FAC.

## FACTS

**Plaintiff's "QUINCE" Marks**

7. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the FAC, and on that basis denies them.

8. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the FAC, and on that basis denies them.

9. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the FAC, and on that basis denies them.

10. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC, and on that basis denies them.

11. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC, and on that basis denies them.

12. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the FAC, and on that basis denies them.

13. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the FAC, and on that basis denies them.

14. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the FAC, and on that basis denies them.

15. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the FAC, and on that basis denies them.

16. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC, and on that basis denies them.

17. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the FAC, and on that basis denies them.

**Defendant's "QUINCE" Mark**

18. Quince admits it is incorporated under the name Last Brand, Inc.

19. Quince admits it began using the mark QUINCE on or about June 2020.

20. Quince admits it is the record owner of U.S. Trademark Application Serial No. 90110149. To the extent the allegations in Paragraph 20 of the FAC purport to summarize, characterize, and/or quote the contents of one or more documents, Quince refers to those documents for a true and complete statement of their contents.

21. Quince admits it is the record owner of U.S. Trademark Application Serial No. 90678169 (the "'169 Application") and U.S. Trademark Application Serial No. 90678247 (the "'247 Application," and together with the '169 Application, the "Applications"). To the extent the allegations in Paragraph 21 of the FAC purport to summarize, characterize, and/or quote the

contents of one or more documents, Quince refers to those documents for a true and complete statement of their contents.

22. Quince admits the Applications were published in the Trademark Official Gazette on November 14, 2023.

23. Quince admits that on December 13, 2023, the Board granted Orchard a 90-day extension of the time to oppose the Applications.

24. Quince admits that Orchard filed Opposition No. 91290306 before the U.S. Patent and Trademark Office, and that the Opposition is currently suspended upon agreement by the parties.

**Consumer Confusion**

25. Paragraph 25 of the FAC consists of argument, speculation, and conclusions to which no response is necessary. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the FAC, and on that basis denies them.

**Cease and Desist Letters**

26. Quince admits its Chief Executive Officer is Siddhartha Gupta. Quince denies the remaining allegations in Paragraph 26 of the FAC.

27. Paragraph 27 of the FAC consists of argument, speculation, and conclusions to which no response is necessary. Quince denies the remaining allegations in Paragraph 27 of the FAC.

28. Quince admits it received a letter from Orchard's counsel, a copy of which appears to be attached to the FAC as Exhibit 4. To the extent the allegations in Paragraph 28 of the FAC purport to summarize, characterize, and/or quote the contents of one or more documents, Quince

refers to those documents for a true and complete statement of their contents. Quince denies the remaining allegations in Paragraph 28 of the FAC.

29. Quince admits it has used its trademark QUINCE continuously since at least 2020. Quince denies the remaining allegations in Paragraph 29 of the FAC.

30. Quince admits it received a letter from Orchard's counsel, a copy of which appears to be attached to the FAC as Exhibit 5. To the extent the allegations in Paragraph 30 of the FAC purport to summarize, characterize, and/or quote the contents of one or more documents, Quince refers to those documents for a true and complete statement of their contents. Quince denies the remaining allegations in Paragraph 30 of the FAC.

31. Quince admits it did not respond to the letter it received in 2023.

32. Quince admits it has used its trademark QUINCE continuously since at least 2020. Quince denies the remaining allegations in Paragraph 32 of the FAC.

33. Quince denies the allegations in Paragraph 33 of the FAC.

34. Quince denies the allegations in Paragraph 34 of the FAC.

35. Quince denies the allegations in Paragraph 35 of the FAC.

36. Quince denies the allegations in Paragraph 36 of the FAC.

37. Quince denies the allegations in Paragraph 37 of the FAC.

38. Quince denies the allegations in Paragraph 38 of the FAC.

39. Quince admits its website has displayed an advertisement, a copy of which appears to be attached to the FAC as Exhibit 6. Quince denies the remaining allegations in Paragraph 39 of the FAC.

40. Quince denies the allegations in Paragraph 40 of the FAC.

41. Quince denies the allegations in Paragraph 41 of the FAC.

42. Quince admits that Orchard did not provide consent for Quince to use the QUINCE mark. However, Quince denies that Orchard's consent was required and denies any allegation of wrongful or infringing conduct.

43. Quince denies the allegations in Paragraph 43 of the FAC.

44. Quince denies the allegations in Paragraph 44 of the FAC.

45. Quince denies the allegations in Paragraph 45 of the FAC.

46. Quince denies the allegations in Paragraph 46 of the FAC.

## COUNT I
### (Infringement of Registered Marks, Lanham Act § 32(1))

47. Quince repeats and reasserts the responses set forth in paragraphs 1–46 above as if fully set forth herein.

48. Quince admits that U.S. Trademark Reg. No. 6,734,957 is currently registered to Orchard Yarn and Thread Co., Inc.

49. Quince admits that the marks "QUINCE" and "QUINCE&CO." both include the word "QUINCE". Quince denies the remaining allegations in Paragraph 49 of the FAC.

50. Quince denies the allegations in Paragraph 50 of the FAC.

51. Quince admits that Orchard did not provide consent for Quince to use the QUINCE mark. However, Quince denies that Orchard's consent was required and denies any allegation of wrongful or infringing conduct.

52. Quince denies the allegations in Paragraph 52 of the FAC.

## COUNT II
### (False Designation of Origin, Lanham Act, § 43(a))

53. Quince repeats and reasserts the responses set forth in paragraphs 1–52 above as if fully set forth herein.

54. Quince denies the allegations in Paragraph 54 of the FAC.

## COUNT III
### (Violation of Delaware's Deceptive Trade Practice Act – 6 *Del. C.* §§ 2531 *et seq.*)

55. Quince repeats and reasserts the responses set forth in paragraphs 1–54 above as if fully set forth herein.

56. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the FAC, and on that basis denies them.

57. Quince denies the allegations in Paragraph 57 of the FAC.

58. Quince denies the allegations in Paragraph 58 of the FAC.

59. Quince denies the allegations in Paragraph 59 of the FAC.

## COUNT IV
### (Trademark Dilution and Injury to Business Reputation – 6 *Del. C.* § 3313)

60. Quince repeats and reasserts the responses set forth in paragraphs 1–59 above as if fully set forth herein.

61. Paragraph 61 of the FAC consists of argument, speculation, and conclusions to which no response is necessary. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the FAC, and on that basis denies them.

62. Paragraph 62 of the FAC consists of argument, speculation, and conclusions to which no response is necessary. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the FAC, and on that basis denies them.

63. Quince denies the allegations in Paragraph 63 of the FAC.

64. Quince denies the allegations in Paragraph 64 of the FAC.

**PRAYER FOR RELIEF**

To the extent any response to Orchard's requested relief is required, Quince denies that Orchard is entitled to any of the relief it requested.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof it would not otherwise bear, Quince asserts the following separate and additional affirmative defenses, all of which are pleaded in the alternative.

**DEFENSE NO. 1: FAILURE TO STATE A CLAIM**

65. The FAC fails to state a claim upon which relief may be granted.

**DEFENSE NO. 2: NON-INFRINGEMENT OF TRADEMARK**

66. Quince has not infringed and does not infringe any of Orchard's trademark rights.

**DEFENSE NO. 3: NO LIKELIHOOD OF CONFUSION**

67. Quince's use of its QUINCE Mark creates no likelihood of consumer confusion with Orchard's use of U.S. Trademark Registration No. 6,734,957 (the "'957 Registration"), the unregistered word mark QUINCE (the "Unregistered Asserted Mark"), or any other mark used by Orchard.

**DEFENSE NO. 4: NO RELATEDNESS OF GOODS OR SERVICES**

68. Orchard's claims are barred, precluded, and/or limited, in whole or in part, on the grounds that the goods and/or services with which Orchard allegedly uses the '957 Registration and/or the Unregistered Asserted Mark are unrelated to on-line retail store services featuring housewares, namely, bed sheets, pillow covers, shams, comforters, duvet covers, blankets, throws, quilts, bath linens, dining linens, and runners. Furthermore, there is no reasonable likelihood that Orchard would expand its use of the Asserted Mark and/or the Unregistered Asserted Mark to overlap with Quince's use of its QUINCE Mark, or vice versa.

## DEFENSE NO. 5: LACK OF DISTINCTIVENESS

69. Orchard's claims are barred, precluded, and/or limited, in whole or in part, by the fact that the Asserted Mark and/or the Unregistered Asserted Mark lacks requisite distinctiveness.

## DEFENSE NO. 6: LACK OF SECONDARY MEANING

70. Orchard's claims are barred, precluded, and/or limited, in whole or in part, by the fact that the Asserted Mark and/or the Unregistered Asserted Mark lacks requisite secondary meaning in the minds of consumers.

## DEFENSE NO. 7: LACK OF FAME

71. Orchard's claims are barred, precluded, and/or limited, in whole or in part, by the fact that the Asserted Mark is neither famous nor widely recognized.

## DEFENSE NO. 8: ABANDONMENT BY NON-USE

72. Orchard's claims are barred, precluded, and/or limited, in whole or in part, on the grounds that Orchard has abandoned any and all rights in the Asserted Mark by non-use with the express or implied intent not to resume its use.

## DEFENSE NO. 9: ABANDONMENT BY FAILURE TO CONTROL USE

73. Orchard's claims are barred, precluded, and/or limited, in whole or in part, on the grounds that Asserted Mark has been abandoned. Upon information and belief, Orchard does not own and never has owned the Asserted Mark, as any purported assignment of the Asserted Mark to Orchard constitutes an invalid and improper assignment in gross and a failure by the original trademark owner to control use of the Asserted Mark, thereby causing the Asserted Mark to lose significance as a source identifier.

## DEFENSE NO. 10: PRIORITY

74. Orchard's claims are barred, precluded, and/or limited, in whole or in part, on the grounds that Quince's use of its QUINCE Mark has actual priority and/or constructive priority over Orchard's use of the Asserted Mark.

## DEFENSE NO. 11: *TEA ROSE-RECTANUS* DOCTRINE

75. Orchard's claims are barred, precluded, and/or limited, in whole or in part, on the grounds that Quince is entitled to priority of use of the QUINCE Mark under the *Tea Rose-Rectanus* doctrine.

## DEFENSE NO. 12: STANDING

76. On information and belief, Orchard lacks standing to bring this action.

## DEFENSE NO. 13: EQUITY

77. Orchard's claims are barred, in whole or in part, under additional principles of equity, including but not limited to the equitable doctrines of estoppel, laches, acquiescence, waiver, forfeiture, unclean hands, and/or trademark misuse.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____
Brian P. Egan (#6227)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
began@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Zachary M. Briers
Adam W. Kwon
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
(213) 683-9100

October 20, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 20, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Neal C. Belgam, Esquire<br>Daniel A. Taylor, Esquire<br>SMITH KATZENSTEIN & JENKINS LLP<br>1000 West Street, Suite 1501<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Myron Greenspan, Esquire<br>Robert Golden, Esquire<br>Cathy Shore Sirotin, Esquire<br>NOLTE LACKENBACH SIEGEL<br>111 Brook Street, Suite 101<br>Scarsdale, NY 10583<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Brian P. Egan*

Brian P. Egan (#6227)