## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCHARD YARN AND THREAD COMPANY INC., | |
| Plaintiff, | |
| v. | C.A. No. 24-805-GBW |
| LAST BRAND INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## SCHEDULING ORDER

This **12th** day of **November**, 2025, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date the Court entered this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (see Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2.      <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before _____ <u>February 20, 2026</u> . Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 3(g) and 4.

3.      <u>Discovery.</u>  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

(a)     <u>Fact Discovery Cut Off.</u>  All fact discovery in this case shall be initiated so that it will be completed on or before __<u>July 16, 2027</u>___ .

(b)     <u>Document Production.</u>  Document production shall be substantially complete by _____ <u>February 5, 2027</u> _____ .

(c)     <u>Requests for Admission.</u>  A maximum of <u>25</u> requests for admission are permitted for each side.

(d)     <u>Interrogatories.</u>

i.      A maximum of <u>25</u> interrogatories, including contention interrogatories, are permitted for each side.

i.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with

the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

   (e) Depositions,

     i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of _50_ hours of taking testimony by deposition upon oral examination, with a limit of _10_ depositions per side.

     ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   (f) Disclosure of Expert Testimony.

     i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before _August 26, 2027_. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before _October 7, 2027_. Reply

expert reports from the party with the initial burden of proof are due on or before

_____ November 4, 2027_. No other expert reports will be permitted without either

the consent of all parties or leave of the Court. Along with the submissions of the

expert reports, the parties shall advise of the dates and times of their experts'

availability for deposition.

ii.    Objections to Expert Testimony. To the extent any

objection to expert testimony is made pursuant to the principles announced in

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as

incorporated in Federal Rule of Evidence 702, it shall be made by motion no later

than the deadline for dispositive motions set forth herein, unless otherwise ordered

by the Court.

iii.    Expert Discovery Cut Off. All expert discovery in this

case shall be initiated so that it will be completed on or before _December 10,

2027_ .

(g)    Discovery Matters and Disputes Relating to Protective Orders.

i.    Any discovery motion filed without first complying with

the following procedures will be denied without prejudice to renew.

ii.    Should counsel find, after good faith efforts - including

*verbal* communications among Delaware and Lead Counsel for all parties to the

dispute – that they are unable to resolve a discovery matter or a dispute relating to

a protective over, the parties involved in the discovery matter or protective order

dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet- and-confer (in person and/or by telephone) on the following date(s): _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii.    On a date to be set by separate order, generally not less

than forty-eight (48) hours prior to the conference, the party seeking relief shall file

with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute

and its position on those issues. On a date to be set by separate order, but generally

not less than twenty-four (24) hours prior to the conference, any party opposing the

application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

    4.    <u>Motions to Amend</u>.

    (a)    Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    (b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    (c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

5.    <u>Motions to Strike.</u>

(a)    Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

(b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

6.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty-one (21) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7.    <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

8.    <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all filings (*i.e.,* briefs, appendices, exhibits, declarations, affidavits etc.).  Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

9.    <u>Case Dispositive Motions.</u>

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>   February 1, 2028   </u>. Any answering briefs shall be filed on or before <u> February 29, 2028 </u>. Any reply briefs shall be filed on or before <u>March 21, 2028    </u>. Briefing will otherwise be presented pursuant to the Court's Local Rules. No case dispositive motion under

Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

   (b) <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

   Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by

the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)    Ranking of Summary Judgment Motions. Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

10.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.     Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12.     Pretrial Conference. On __September 6, 2028__ the Court will hold a pretrial conference in Court with counsel beginning at 3:00 p.m. The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order. The

Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

13.    Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) full days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

14.    Trial. This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on ____September 11, 2028_with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15.    ADR Process. This matter may be referred to a magistrate judge to explore the possibility of alternative dispute resolution if the parties jointly request such a referral.

12

16.    <u>Page/Word Limitations.</u> Where page limits are specified by order or rule, the parties shall use a word-count limit.  For each page allowed by order or rule, the parties shall use up to 250 words.  For example, where the page limit specified by rule is 20 pages, the maximum number of words for a party's submission would be 5,000 (20 x 250).  A certification as to the total number of words must be included in any submission.

17.    <u>Font.</u> The text for all briefs, letters, motions, and concise statements of fact shall be 14-point and in Times New Roman or similar typeface.  Each such filing must include a certification by counsel that the filing complies with the type, font, and word limitations set forth in this Order.  The person who prepares the certification may rely on the word count of the word- processing system used to prepare the filing.

18.    <u>Compendium of Cases.</u> A party may submit with any briefing two (2) courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

19.    <u>Relevant Deadlines and Dates.</u> All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

The Honorable Gregory B. Williams
United States District Judge

14

**Exhibit A: Deadlines**

| Event | Deadline |
|---|---|
| Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard (¶ 1) | Ten (10) days from the date of this Order |
| Application to the Court for Protective Order (¶ 6) | Twenty-one (21) days from the date of this Order |
| Joinder of Other Parties and Amendment of Pleadings (¶ 2) | 2/20/2026 |
| Substantial Completion of Document Production (¶ 3(b)) | 2/5/2027 |
| Fact Discovery Cut Off (¶ 3(a)) | 7/16/2027 |
| Federal Rule 26(a)(2) Disclosure of Expert Testimony (¶ 3(f)(i)) | 8/26/2027 |
| Supplemental Disclosure to Contradict or Rebut Expert Reports (¶ 3(f)(i)) | 10/7/2027 |
| Reply Expert Reports (¶ 3(f)(i)) | 11/4/2027 |
| Expert Discovery Cut Off (¶ 3(h)(iii)) | 12/10/2027 |
| Case Dispositive Motions (¶ 9) | 2/1/2028 |
| Case Dispositive Answering Briefs (¶ 9) | 2/29/2028 |
| Case Dispositive Reply Briefs (¶ 9) | 3/21/2028 |
| Jury Instructions, *voir dire*, and Special Verdict Forms (¶ 13) | Seven (7) days before final pretrial conference |
| Pretrial Conference (¶ 12) | September 6, 2028 |
| 5-Day Jury Trial (¶ 14) | September 11, 2028 |

15