## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORCHARD YARN AND THREAD
COMPANY INC.,

            Plaintiff,

   v.

LAST BRAND, INC.,

            Defendant.

C.A. No. 24-805-GBW

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Orchard Yarn and Thread Company Inc. ("Plaintiff") and Defendant Last Brand, Inc. ("Defendant") may seek discovery of documents, information or other materials that may constitute or contain sensitive confidential or proprietary information of the Parties or third parties;

WHEREAS, such confidential or proprietary information must be protected in order to preserve the legitimate business interests of the Parties or other Persons;

WHEREAS, Plaintiff and Defendant have, through counsel, stipulated to the entry of this Stipulated Protective Order ("Order") to prevent unnecessary dissemination or disclosure of such confidential or proprietary information;

WHEREAS, the Parties have established good cause for entry of this Order;

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the Parties and for good cause shown, the Court hereby ORDERS that:

1. **SCOPE**

This Order shall govern the disclosure, production, and use of Discovery Material (as defined below) produced in connection with the above-captioned litigation ("Action"). This

Order shall apply regardless of whether such information was produced prior to or after entry of this Order.

2.    **DEFINITIONS**

    a.    The term **"CONFIDENTIAL INFORMATION"** shall mean any tangible document, ESI, thing, or oral testimony that contains or reveals what a Party or nonparty reasonably and in good faith considers to be its confidential or proprietary business information. For the avoidance of doubt, CONFIDENTIAL INFORMATION includes nonpublic information relating, referring to, or concerning:

        (i)    certain business practices or policies, including but not limited to Defendants' practices and policies relating to third-party intellectual property rights and claims, and Plaintiff's practices and policies relating to pursuing trademark infringement claims; and

        (ii)    any other commercially sensitive information that is not HIGHLY CONFIDENTIAL INFORMATION, the disclosure of which to non-qualified Persons the Producing Party reasonably and in good faith believes would likely cause harm.

    b.    The term **"Discovery Material"** means any document or thing, and includes, without limitation, any writings, video or audio tapes, computer generated or recorded information in any form, materials, oral or written testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or nonparty in this Action.

    c.    The term **"HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY"** shall mean information, within any tangible document, ESI, thing, or oral testimony, belonging to a Producing Party who in good faith believes consists of

2

extremely sensitive, highly confidential, non-public information, the disclosure of such information to another Party or nonparty would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means. The Parties agree that the following information, if non-public, shall be presumed to be HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY:

      (i)     trade secrets, company financials, customer lists sales forecasts, and information about future product development;

      (ii)    personal health, medical or financial information; and

      (iii)   competitive business information, including, but not limited to, non-public marketing and financial analyses or strategies, and other information relating to advertising, marketing and media, including without limitation, information relating to media/advertising/marketing strategies or spends, keyword purchases and performance, website, social media and advertising analytics and traffic data, market segment and consumer demographics, consumer browsing and purchasing data and analysis.

The Parties agree that the designation of information as HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY shall be limited to information that a Party in good faith believes meets the standard set out in this paragraph.

d.    CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY may include, without limitation, information within documents produced in this Action, during formal discovery or otherwise; information of non-parties which the Producing Party is under an obligation to maintain in strict confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts'

reports; memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes, or other writings that contain, reflect, reveal, or otherwise disclose such confidential information shall also be deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY. Information originally designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY shall not retain that status after any ruling by the Court denying such status to it. Each Party shall act in good faith in designating information as CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY.

      e.     For the avoidance of doubt, the terms CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY shall not include:

        (i)     Information that was or is in the public domain at the time of disclosure;

        (ii)     Information which after disclosure is published or becomes part of the public domain, through no fault of a Person receiving information under this Order, but only after it is published or comes into the public domain;

        (iii)     Information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations;

        (iv)     Information disclosed by or to a third party that the third party does not claim is subject to any confidentiality obligations at the time of the disclosure, and does not have

4

a confidential designation or other indication that the contents are intended to be confidential, including but not limited to, information disclosed through communications with customers, other consumers, or members of the public;

(v)    Information that was, is, or becomes expressly released from being designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY (as defined above), by the Producing Party or by order of the Court.

f.    The term **"Outside Counsel"** means attorneys of record for the Parties who are not employees, officers, or board members of either Party, including those record counsel's associated personnel necessary to assist outside counsel in this Action, such as legal assistants, paralegals, analysts, secretarial, stenographic, information technology and clerical employees assisting such counsel; outside vendors hired by a Party that are under an obligation of confidentiality to outside counsel and who provide litigation support services, such as scanning, coding and/or producing documents at such counsel's request; translation services; computer services; trial consultants, graphic consultants, their employees, and independent contractors hired to assist them, other than those Persons described in Paragraph 4.b(v) below.

g.    The terms **"Parties"** or **"Party"** mean the following Plaintiff and/or Defendant in this Action: Orchard Yarn and Thread Company Inc. and Last Brand, Inc.

h.    The term **"Person"** means any natural person or any business, legal or governmental entity or association.

i.    The term **"Producing Party"** means any Party, Person or Nonparty that produces any Discovery Material.

j.    The term **"Receiving Party"** means any Person to whom CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY is disclosed in this Action.

k.    Any other term not defined herein shall carry its ordinary meaning.

3.    **DESIGNATING CONFIDENTIAL INFORMATION AND/OR HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY**

a.    Each Producing Party that produces or discloses any material that it believes contains or comprises CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY shall designate the same by marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on any document containing the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY. When documents or things are produced for inspection, the documents or things may be collectively designated as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY for purposes of the inspection, by letter or otherwise, without marking each document or thing individually and such documents or things will be treated as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY (consistent with the respective designation) under this Order.

b.    If any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY is produced by a nonparty to this litigation, such a nonparty shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order and all Parties to this Order should be treated as Receiving Parties. The Parties recognize that during the course of this Action, CONFIDENTIAL

INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE

ATTORNEYS' EYES ONLY that originated with a nonparty and for which there exists an

obligation of confidentiality may be produced. As provided in Paragraph 18 below, third parties

may sign on to this Order, but failure to do so does not destroy this obligation of confidentiality.

      c.     In the event any Producing Party discovers, after it has produced information, that

it has inadvertently produced CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY that has not been correctly

designated, the Producing Party may redesignate the information by a subsequent notice in

writing specifically identifying the redesignated information, in which event the Parties shall

henceforth treat such information in accord with this Order and shall undertake reasonable efforts

to correct any disclosure of such information contrary to the redesignation. The Producing Party

will provide a replacement production of documents carrying the corrected designation.

      d.     All information disclosed during deposition shall be automatically designated as

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY for a period of fourteen

(14) days from the date the final deposition transcript becomes available, and the transcript shall

not be disclosed during such time by any Party to Persons other than the deponent and those

Persons named or approved according to Paragraph 4.c. To the extent deposition material must

be filed with the Court during this time, the filing Party shall file only as much of the testimony

as sufficient to understand the question, response and necessary context and will file its

submission under seal according to Paragraph 6 below. Thereafter, the information contained in

the deposition transcript will no longer be deemed HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY unless in a writing sent to counsel for the Receiving Party before

the expiration of the fourteen-day period, counsel for the Producing Party claims in good faith

that the deposition transcript (or specific portion(s) of it) contains HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY.

e.      At least the first page of any correspondence, any written discovery request or response (including interrogatories, document requests, and requests for admission), or any report of an expert witness that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY shall be labeled or marked as such ("CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY") in the case caption when served on the Receiving Party. With respect to responses to interrogatories and requests for admission, the Parties will set off responses with a CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY designation as appropriate at the time of service. As with their obligations under Paragraph 6.c (court filings), the Parties will work collaboratively to provide redacted versions of all designated materials by request to the opposing party promptly, in no case later than seven (7) days.

4.      **DISCLOSURE OF CONFIDENTIAL INFORMATION AND/OR HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY**

a.      Except with the prior written consent of the Party or Person originally designating Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or as provided in this Order, no CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY may be disclosed to any Party or Person, other than as set forth in this Order.

b.      Any information designated as CONFIDENTIAL INFORMATION shall be maintained in strict confidence by any Receiving Party. CONFIDENTIAL INFORMATION may be disclosed only to the following Persons or entities:

(i)     Outside Counsel;

(ii)    No more than two (2) in-house counsel to the undersigned Parties and no more than two (2) in-house paralegal, clerical or other support staff employed and directly supervised by such counsel who such counsel believes in good faith must have access to the CONFIDENTIAL INFORMATION to facilitate counsel's informed decisions about the litigation and trial strategy and/or settlement.

Notice of the designation of in-house counsel must be provided to the other Party. If a Producing Party believes that disclosure of its CONFIDENTIAL INFORMATION to a Receiving Party's designated in-house counsel would injure or unfairly prejudice it, the Producing Party may object in writing to the Receiving Party's designation of in-house counsel within fourteen (14) days of receiving notice of the designation of the designated in-house counsel. If the Producing Party timely objects, the Parties will attempt, in good faith, to resolve the disclosure issue. If the Parties cannot resolve a dispute regarding disclosure to a designated in-house counsel, the Producing Party may apply to the Court (pursuant to the discovery dispute procedure outlined in the Scheduling Order (D.I. 29) governing this case) for an order prohibiting disclosure of its CONFIDENTIAL INFORMATION to the designated in-house counsel. In the event of such a dispute, the Receiving Party shall be obligated to meet and confer with the objecting Party – including verbal communications among Delaware and Lead Counsel for all Parties – within seven (7) days from the date it received the written objection. The Parties shall then submit a joint letter to the Court, in accordance with the discovery dispute procedures outlined in the Scheduling Order (D.I. 29) governing this case, within fourteen (14) days from the date the Producing Party sent the written objection. If the Producing Party refuses or otherwise fails to adhere to any requirement or deadline set forth in this paragraph to which it is

subject, CONFIDENTIAL INFORMATION may be disclosed to the designated in-house counsel after the time allowed for filing the joint discovery dispute letter has passed. If the Receiving Party refuses or otherwise fails to adhere to any requirement or deadline set forth in this paragraph to which it is subject, the Producing Party's objection shall be deemed sustained, and CONFIDENTIAL INFORMATION may not be disclosed to the designated in-house counsel who is the subject of the Producing Party's objection.

(iii)    No more than three (3) directors or officers of the Parties, including any in-house counsel designated in Paragraph 4.b(ii) above, who counsel in good faith believes must review the CONFIDENTIAL INFORMATION in order to make informed decisions about the litigation and trial strategy and/or settlement.

Notice of the designation of directors or officers must be provided to the other Party. If a Producing Party believes that disclosure of its CONFIDENTIAL INFORMATION to a Receiving Party's designated officer or director would injure or unfairly prejudice it, the Producing Party may object in writing to the Receiving Party's designation of a director or officer within fourteen (14) days of receiving notice of the designation of the designated officer or director. If the Producing Party timely objects, the Parties will attempt, in good faith, to resolve the disclosure issue. If the Parties cannot resolve a dispute regarding disclosure to a designated officer or director, the Producing Party may apply to the Court (pursuant to the discovery dispute procedure outlined in the Scheduling Order (D.I. 29) governing this case) for an order prohibiting disclosure of its CONFIDENTIAL INFORMATION to the designated officer or director. In the event of such a dispute, the Receiving Party shall be obligated to meet and confer with the objecting Party – including verbal communications among Delaware and Lead Counsel for all Parties – within seven (7) days from the date it received the written

10

objection. The Parties shall then submit a joint letter to the Court, in accordance with the discovery dispute procedures outlined in the Scheduling Order (D.I. 29) governing this case, within fourteen (14) days from the date the Producing Party sent the written objection. If the Producing Party refuses or otherwise fails to adhere to any requirement or deadline set forth in this paragraph to which it is subject, CONFIDENTIAL INFORMATION may be disclosed to the designated officer or director after the time allowed for filing the joint discovery dispute letter has passed. If the Receiving Party refuses or otherwise fails to adhere to any requirement or deadline set forth in this paragraph to which it is subject, the Producing Party's objection shall be deemed sustained, and CONFIDENTIAL INFORMATION may not be disclosed to the designated officer or director who is the subject of the Producing Party's objection.

(iv)    Current or former employees of any Party who are authors, addressees, recipients, or copyees of the CONFIDENTIAL INFORMATION (for non-employees, after executing the attached Undertaking and Acknowledgement of Protective Order and Confidentiality Stipulation (**Exhibit A**) ("Undertaking"));

(v)    Outside independent experts and consultants who are retained by a Party for the purpose of assisting in this Action, including any necessary respective staff who owe a duty of confidentiality to such independent expert or consultant, work under their direct supervision, and are employed by them or their employer or organization, after executing the Undertaking attached hereto as **Exhibit A**;

(vi)    Any mediator or arbitrator who is retained by the Parties or appointed by the Court;

(vii)    The Court and Court personnel, including stenographic reporters and other Persons authorized to officially record a deposition in this matter; and

11

(viii)   Any other Person designated as permitted by Order of this Court, after notice to all Parties.

c.   Any information designated as HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY shall be maintained in strict confidence by any Receiving Party. HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY may be disclosed only to the individuals described in Paragraph 4(b)(i), and (iv)-(viii).

(i)   Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a Party that seeks to disclose any information or item that has been designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to an outside independent expert or consultant pursuant to Paragraph 4.b(v) first must make a written request to the Producing Party that (1) identifies the general categories of information designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY that the Receiving Party seeks permission to disclose to the expert or consultant, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the expert or consultant's current resume or curriculum vitae, (4) identifies the expert or consultant's current employer(s), (5) identifies each Person or entity from whom the expert or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

    (ii)  Upon receiving a request as set forth in the preceding Paragraph, a

Producing Party may object in writing to the Receiving Party's request within fourteen (14) days

of receiving the request. Any such objection must set forth in detail the grounds on which it is

based. If the Producing Party timely objects, the Parties will attempt, in good faith, to resolve the

disclosure issue. If the Parties cannot resolve a dispute regarding disclosure to a designated

expert or consultant, the Producing Party may apply to the Court (pursuant to the discovery

dispute procedure outlined in the Scheduling Order (D.I. 29) governing this case) for an order

prohibiting disclosure of its information designated HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY to the designated expert or consultant. In the event of such a

dispute, the Receiving Party shall be obligated to meet and confer with the objecting Party –

including verbal communications among Delaware and Lead Counsel for all Parties – within

seven (7) days from the date it received the written objection. The Parties shall then submit a

joint letter to the Court, in accordance with the Scheduling Order (D.I. 29) governing this case,

within fourteen (14) days from the date the Producing Party sent the written objection. If the

Producing Party refuses or otherwise fails to adhere to any requirement or deadline set forth in

this paragraph to which it is subject, the HIGHLY CONFIDENTIAL INFORMATION –

OUTSIDE ATTORNEYS' EYES ONLY may be disclosed to the designated officer or director

after the time allowed for filing the joint discovery dispute letter has passed. If the Receiving

Party refuses or otherwise fails to adhere to any requirement or deadline set forth in

Paragraphs 4.c(i)–(ii) to which it is subject, the Producing Party's objection shall be deemed

sustained, and the HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS'

EYES ONLY may not be disclosed to the designated expert or consultant who is the subject of

the Producing Party's objection.

d.      Prior to any disclosure of CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY to Persons

described in Paragraphs 4(b)(ii), (iii), (v) or (vi), each such Person shall read this Order and sign

the Undertaking attached hereto as **Exhibit A**. The Party that has disclosed CONFIDENTIAL

INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE

ATTORNEYS' EYES ONLY to the Person(s) executing the Undertaking(s) shall retain a copy of

the executed Undertaking(s) until the final resolution of this Action. Persons who have

previously been, are currently, or at any time during the course of this Action become, employed

or retained by any Party in any capacity other than as an expert or consultant with respect to this

Action are not "outside independent experts or consultants" as described in Paragraph 4.b(v)

above.

5.      **USE AND CONTROL OF CONFIDENTIAL INFORMATION AND HIGHLY
        CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY**

a.      Each Person who has access to CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY designated

pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent

disclosure of such material. All CONFIDENTIAL INFORMATION and/or HIGHLY

CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY shall:

(i)      be maintained in strict confidence by the Receiving Party;

(ii)     not be disclosed to, or used by, any Person except as permitted by this

Order; and

(iii)    not be used by the Receiving Party for any business, commercial,

competitive, personal or other purpose and shall only be used in connection with this Action.

14

b.      For the avoidance of doubt, nothing contained in this Order shall affect or restrict the rights of any Party with respect to its own documents and information produced in this Action, or the filing of designated information with the Court, subject to the requirements for filings as discussed in Paragraph 6(a).

c.      Subject to Paragraph 5.e, CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY documents, ESI and other productions may be disclosed to and/or used to examine, at deposition and at trial (or other court hearing): (i) an individual who either prepared, received or reviewed the Designated Materials before the filing of this Action or who previously had access to or knowledge of the Designated Materials, as demonstrated on the face of the Designated Materials itself or by foundation testimony elicited during a deposition or at trial; (ii) a currently employed officer, employee or expert of a Producing Party, and/or; (iii) a witness designated for the Producing Party under Federal Rule 30(b)(6) concerning any topic to which the Designated Materials is relevant.

d.      Counsel for a Producing Party may request that all Persons other than those individuals expressly permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY under this Order leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the Producing Party believes to constitute CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY. If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the Producing Party believes to constitute CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY,

counsel for the Producing Party may seek relief from the Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY at issue.

      e.     Any Party planning to disclose, reply upon, or elicit testimony regarding HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY in any Court proceeding must provide adequate notice to the Producing Party or nonparty and/or the Court prior to projecting, disclosing, or eliciting such materials, to allow the Producing Party or nonparty an opportunity to request that the Court seal the courtroom and/or to seek other appropriate relief from the Court to prevent the public disclosure of Designated Materials.

**6.    COURT FILINGS**

      a.     All documents of any nature, including briefs, which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY, or contain exhibits that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY must be filed with the Court under seal in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2023 ("Procedures"). Such as-filed documents shall be served to the Court in accordance with the Court's requirements, and shall contain the following language, as appropriate, on the cover page: "CONFIDENTIAL - FILED UNDER SEAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - FILED UNDER SEAL."

b.        Consistent with Paragraph 3(d) above concerning deposition transcripts, the Parties will endeavor to file as exhibits to any brief, memorandum, motion, letter or other document only those exhibits that are necessary to their legal arguments, and further with respect to exhibits, will only file excerpts of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY-marked documents, ESI or transcripts sufficient to demonstrate the fact asserted and any necessary context (for example, the cover page and the cited page(s) of a lengthy presentation, or the cover page and cited deposition testimony and any testimony necessary to provide context). The Parties understand that this practice will assist all Producing Parties to avoid numerous redactions to public versions of sealed documents, which are disfavored by the Court.

c.        The Parties shall comply with the provisions of Section (G) of the Procedures, including without limitation the provisions governing the filing of a redacted version of the Filing within seven (7) days (absent extensions). The filing Party will provide its proposed redactions to all other Parties (and, in the case of third-party CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY, to the impacted third party) in advance of that filing and solicit additional requests for redactions. The Parties will meet and confer in good faith regarding any disagreements regarding redactions and attempt to resolve them without Court intervention. To the extent the Parties cannot agree on redactions, the Parties shall extend the deadline for filing a redacted version and the Party seeking the additional, disputed redactions will file a motion to seal with the Court. Any other disagreements may be raised according to the Court's discovery dispute resolution procedures.

d.        The Parties shall exercise utmost care to seal any filings containing designated material under Paragraph 6(a) above, and if it is unclear whether a submission may be claimed to

be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –

OUTSIDE ATTORNEYS' EYES ONLY by another Party (for example, the characterization of

exhibits in a brief), the filing Party shall seal their filing out of an abundance of caution. In the

event of a dispute, the filing Party will promptly request that the Court place its filing under seal.

The Parties will thereafter meet and confer in good faith regarding the designation of material,

and only if no resolution can be reached, the Party seeking to challenge the filing under seal will

file a motion to unseal with the Court.

7.      **CHALLENGES TO DESIGNATION**

A Receiving Party's acceptance of information designated as CONFIDENTIAL or

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY from a Producing Party

shall not constitute an admission, or create an inference, that the material is in fact

CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or this Order. This Order

shall not foreclose any Party from moving for an order that information designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY is

not properly designated as such within the meaning of Federal Rule of Civil Procedure

26(c)(1)(G) or this Order, or otherwise subject to protection from disclosure by the Court. Prior

to bringing such a motion, however, the Receiving Party shall first request in writing that the

Producing Party change or remove its designation. After a good faith meet and confer by both

Parties, if the Producing Party refuses to change its designation, the Receiving Party may invoke

the Court's discovery dispute procedures (*see* D.I. 29) and move for an order changing or

removing the designation. On such a motion, the Producing Party shall have the burden of

proving that the information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY embodies, constitutes, contains, reveals, relates to, or

reflects CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –
OUTSIDE ATTORNEYS' EYES ONLY as defined by Paragraph 2(a), (c)-(e), or is otherwise
subject to protection from disclosure by the Court, and will file the opening letter in the Court's
discovery dispute process.

## 8.   INADVERTENT PRODUCTION

a.    In the event any document is produced that the Producing Party later claims is
protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity,
the Producing Party shall send the Receiving Party a written request seeking (i) return of the
original document to the Producing Party (or, at the option of the Receiving Party, destroy the
original with written verification provided to Outside Counsel for the Producing Party), (ii) the
destruction or deletion all copies thereof, as well as all notes, memoranda or other documents
that summarize, discuss or quote the document. Upon receiving notice of inadvertent production,
the Receiving Party shall not make any use of such document or thing or disseminate the same in
any way other than to challenge the propriety of the asserted privilege or immunity. The
Receiving Party may, with written notice to the Producing Party, keep one copy of the
inadvertently produced document for the sole purpose of challenging the propriety of the
asserted privilege or immunity. The Receiving Party may, with written notice to the Producing
Party, provide the clawback document by hand delivery for *in camera* inspection to the Court, in
connection with its briefing on the dispute. If the challenge is overruled or denied, the document
shall be returned or destroyed immediately.

b.    The unintentional or inadvertent production of privileged, work-product protected
or otherwise immune documents in the course of discovery in this Action shall not constitute a
waiver of any privilege, work-product-protection or immunity, either as to the produced
document or as to any other documents or communications embracing the same or similar

subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply.

        c.      Return of a document for which the Producing Party has asserted a claim of privilege, work product protection or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work-product-protection or immunity is invalid, inapplicable or waived as discussed above, provided, however, that any motion or other application for such order shall not assert the unintentional or inadvertent production in this Action as a ground for its request to compel production.

## 9.      INADVERTENT DISCLOSURE BY RECEIVING PARTY

        In the event of disclosure of any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to a Person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform the Producing Party of the circumstances of the inadvertent disclosure, including identification of the unauthorized Person, and

        a.      promptly use its best efforts to obtain the return of the improperly disclosed information;

        b.      immediately upon the discovery of such disclosure, inform such Person of all provisions of this Order;

        c.      request such Person to execute the Undertaking in the form attached hereto as **Exhibit A**, which shall be promptly served upon counsel of record for the Producing Party; and

d.      promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## 10.    INADVERTENT FAILURE TO DESIGNATE

If a Producing Party inadvertently fails to designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY at the time of disclosure or production, the Producing Party may thereafter make a designation pursuant to this Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, which shall then be deemed to be subject to the terms of this Order. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY. If the re-designated information was disclosed to any Person not entitled to receive the same hereunder before its re-designation, then the Parties intend to follow the procedure outlined in Paragraph 9 above. Nothing herein shall prevent the Producing Party from applying to the Court for further or additional relief.

## 11.    ATTORNEY ADVICE TO CLIENT

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice relating to this Action to a Party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY, provided, however, that in rendering such advice the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY received from a Producing Party during such discussions.

12.    **MODIFICATIONS**

This Order may be amended with respect to specific documents or items of

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –

OUTSIDE ATTORNEYS' EYES ONLY by Court order, or by written agreement of the Parties.

This Order shall remain in force and effect indefinitely until modified, superseded, or terminated

by Order of this Court.

13.    **ADDITIONAL LIMITATIONS ON DISCLOSURE**

Nothing in this Order shall prohibit any Party from seeking additional limits on

disclosure of designated material, or raising a dispute with the Court should the Parties not be

able to agree on such restrictions after meeting and conferring in good faith on the request.

14.    **TERMINATION OF THIS ACTION**

Within sixty (60) days of the final disposition of this Action, including all appeals, all

recipients of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL

INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY must either return it, including all

copies thereof, to the Producing Party, or destroy such material, including all copies thereof. In

either event, by the 60-day deadline, the Receiving Party must certify its return or destruction by

submitting a written certification to the Producing Party that affirms that it has not retained any

copies, abstract, compilations, summaries, or other forms of reproducing or capturing any of the

CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION –

OUTSIDE ATTORNEYS' EYES ONLY, except as set forth below. Notwithstanding the above,

Outside Counsel may retain one archival copy of all pleadings, motion papers, transcripts, expert

reports, legal memoranda, correspondence, or attorney work product, even if such materials

contain CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL

INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY, as well as any and all emails that

contain, discuss or summarize such information. In addition, the designated in-house counsel

may retain emails that discuss, summarize, or attach CONFIDENTIAL INFORMATION. Any

such archival copies or emails that contain or constitute CONFIDENTIAL INFORMATION

and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY

remain subject to this Order.

**15.    NO OTHER PURPOSE**

All documents, information, or material produced or disclosed in this Action, including

but not limited to Designated Material, shall be used by the Parties for the prosecution or defense

of the claims in this Action only, and shall not be used for any other purpose, including any

business, commercial, competitive, personal, or other purposes. Nevertheless, this Order has no

effect upon, and shall not apply to, a Party's use or disclosure of its own Designated Material for

any purpose.

**16.    OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this Action, the Court

does not intend to preclude another court from finding that information may be relevant and

subject to disclosure in another case. Any Person or Party subject to this order who becomes

subject to a motion to disclose another Party's information designated as CONFIDENTIAL

and/or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY pursuant to this

Order shall promptly notify that party of the motion so that the Party may have an opportunity to

appear and be heard on whether that information should be disclosed.

**17.    WAIVER OR TERMINATION OF ORDER**

The restrictions provided for herein shall not terminate upon the conclusion of this Action

but shall continue until further Order of the Court. Entering into, agreeing to, producing or

receiving Designated Material subject to, or otherwise complying with the terms of this Order

shall not: (i) waive any right to object on any ground to use in evidence any of the Designated

Material covered by this Order; or (ii) waive any objection to the disclosure or production of

Designated Material otherwise available on any ground not addressed in this Order.

**18.    INFORMATION FROM THIRD PARTIES**

If a third party provides Discovery Materials to any Party, such third party may adopt the

terms of this Order with regard to the production of CONFIDENTIAL INFORMATION and/or

HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY by

executing a Notice of Election to Adopt Stipulated Order on Confidentiality Agreement and

Protective Order ("Notice of Election") in the form attached hereto as **Exhibit B**. In the event of

such election, the provisions of this Order shall apply to such Discovery Materials as if such

Discovery Materials were being provided by a Party to this Action. Under such circumstances,

the third party shall have the same rights and obligations under this Order as held by the Parties

to this Action.

The undersigned counsel of record, subject to the approval of the Court, request that the

Court enter the above Order as an order of the Court, and stipulate that the Order shall constitute

a binding contract among the Parties and their counsel.

IT IS SO ORDERED this ⁴ᵗʰ day of December , 2025.

_____
The Honorable Gregory B. Williams
United States District Judge

24

**SMITH, KATZENSTEIN
& JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Of Counsel:*

Myron Greenspan
Robert B. Golden
Cathy E. Shore-Sirotin
**NOLTE LACKENBACH SIEGEL**
111 Brook Street, Suite 101
Scarsdale, NY 10583
O: 866-201-2030 ext. 139
D: 914-723-4668
mgreenspan@nls.law
rgolden@nls.law
cshore@nls.law

*Attorneys for Plaintiff*

**MORRIS, NICHOLS, ARSHT &
TUNNELL LLP**

*/s/ Brian P. Egan*
Brian P. Egan (6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
began@morrisnichols.com

*Of Counsel:*

Erin J. Cox
Adam W. Kwon
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100
erin.cox@mto.com
adam.kwon@mto.com

*Attorneys for Defendant*

25

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ORCHARD YARN AND THREAD COMPANY INC., <br><br> Plaintiff, <br><br> v. <br><br> LAST BRAND, INC., <br><br> Defendant. | C.A. No. 24-805-GBW |

**UNDERTAKING AND ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND
CONFIDENTIALITY STIPULATION**

I, _____, hereby attest as follows:

1.    My home address is

_____.

2.    My present employer is _____, and

my present work address is _____.

3.    My present title, occupation, and/or job description is

_____.

4.    I understand that CONFIDENTIAL INFORMATION and/or HIGHLY

CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY may be disclosed

to me under the terms of the Stipulated Protective Order attached to this Undertaking and

Acknowledgement. I have a copy of and have read the Stipulated Protective Order, and I agree to

comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court

for the purpose of enforcing this Stipulated Protective Order and this agreement.

26

5.      I agree that I will not disclose to anyone else the CONFIDENTIAL

INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE

ATTORNEYS' EYES ONLY disclosed to me, nor discuss or describe the substance or content of

such information, except as provided in the Stipulated Protective Order, and that I will use such

information only for the purposes of this litigation.

6.      I agree that I will not keep any CONFIDENTIAL INFORMATION and/or

HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY or

copies of any such information (including notes or other memoranda or writings containing or

relating to such information) except to the extent permitted by the Stipulated Protective Order,

and, upon request, will destroy or return such information to the attorneys who disclosed such

information to me.


Dated: _____, 202__                    _____
                                                    Signature

27

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ORCHARD YARN AND THREAD COMPANY INC., | |
| Plaintiff, | |
| v. | C.A. No. 24-805-GBW |
| LAST BRAND, INC., | |
| Defendant. | |

**NOTICE OF ELECTION TO ADOPT STIPULATION ORDER
ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1.  _____ a nonparty to the above-captioned litigation, has been requested and/or subpoenaed by a party to produce discovery containing CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY in connection with the above-captioned litigation.

2.  _____ hereby elects to adopt the terms of the Stipulated Protective Order with regard to its terms regarding production of CONFIDENTIAL and HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY.

3.  The provisions of the Stipulated Protective Order shall apply to all documents, things and other information produced by _____ as if such discovery were being provided by a party. _____ shall have the same rights and obligations under the Stipulated Protective Order as held by the parties.

28

Dated: _____, 202__

_____

Name

_____

Company